(58 Misc. Rep. 429.)

### WYATT v. WANAMAKER.

(Supreme Court, Special Term, New York County. March 16, 1908.)

1. INJUNCTION—RIGHTS TO PRIVACY—STATUTES.

In an action by a minor for the unauthorized use of his name and picture for advertising purposes, in violation of Laws 1903, p. 308, c. 132, prohibiting the use for advertising purposes of the name or picture of any person without having first obtained the consent in writing of such person, or, if a minor, of his parent or guardian, and authorizing a suit to restrain the use thereof, etc., the fact that plaintiff had had his picture taken by a photographer in the ordinary course of business under an oral agreement giving the photographer, in consideration of a reduced rate, the right to sell copies of the photograph, accompanied by the fact that he had made copies of the photograph, and had sold them to a third person who had delivered them to defendant, was no defense, since the consent to the use of the photograph was oral, and since the consent of plaintiff's

parent or guardian was not shown, and since defendant had not obtained such consent.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 27, Injunction, § 167.]

2. CUSTOMS AND USAGES—LEGALITY.

A custom cannot be availed of to contravene an express rule of law or the provision of a statute.

[Ed Note.—For cases in point, see Cent. Dig. vol. 15, Customs and Usages, § 9.]

3. SAME—EVIDENCE—ADMISSIBILITY.

In an action by a minor for the unauthorized use of his name and picture for advertising purposes, in violation of Laws 1903, p. 308, c. 132, evidence of any custom of photographers to furnish photographs at special rates in return for the right to reproduce and sell copies is inadmissible, especially in an action against one not connected with the photographer who had taken plaintiff's photograph.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Customs and Usages, §§ 9, 41–46.]

4. PLEADING—LEGAL CONCLUSIONS.

An allegation in a pleading that plaintiff "waived any and all rights which he may have had under" Laws 1903, p. 308, c. 132, prohibiting the unauthorized use of the name or picture of any person for advertising purposes, is a mere conclusion of law.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, §§ 12–28½.]

5. STATUTES—RIGHTS TO PRIVACY—VALIDITY.

Laws 1903, p. 308, c. 132, prohibiting the use for advertising purposes of the name or picture of any  person without having first obtained the written consent of such person, and authorizing a suit to restrain such use, etc., is valid and reasonable, and, though it be assumed that the requirement of a written consent is unreasonable, the statute is good in part.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Statutes, §§ 58–66.]

Action by one Wyatt against one Wanamaker. Heard on demurrers to the first and second separate defenses of the answer. Sustained.

Affirmed by Appellate Division in 111 N. Y. Supp. 90.

Melville H. Cane, for plaintiff.

Richard Ely, for defendant.

TRUAX, J.  The plaintiff herein demurs to the first and second separate defenses of the answer herein on the ground that each is insufficient in law upon the face thereof. The plaintiff sues under chapter 132, p. 308, Laws 1903, for the unauthorized use of her name and picture by the defendant. The complaint sets forth the infancy of the plaintiff, the appointment of her guardian, the unauthorized use for advertising purposes or purposes of trade by the defendants of the plaintiff's portrait and name for several weeks in the autumn and winter of 1906 without the consent, written or otherwise, of the plaintiff or of her parent or guardian, and the consequent injury and damage, to the plaintiff in the sum of $5,000. Judgment is then demanded for an injunction restraining the use of said portrait and the name and also for damages. The plaintiff proceeds under the statute, the Court of Appeals having denied the existence of any cause of action at

common law. Roberson v. Rochester Folding Box Co., 171 N. Y. 538, 64 N. E. 442, 59 L. R. A. 478, 89 Am. St. Rep. 828.

The privacy statute, which became operative on September 1, 1903, reads as follows:

"Section 1. A person, firm or corporation that uses for advertising purposes or for the purpose of trade the name, portrait or picture of any living person without having first obtained the written consent of such person, or, if a minor, of his or her parent or guardian, is guilty of a misdemeanor. Sec. 2. Any person whose name, picture or portrait is used within this state for advertising purposes or for the purpose of trade without the written consent first obtained as above provided, may maintain an equitable action in the Supreme Court of this state against the person, firm or corporation so using his name, portrait or picture to prevent and restrain the use thereof, and may also sue and recover damages for any injuries sustained by reason of such use, and if the defendant shall have knowingly used such person's name, portrait or picture in such manner as is forbidden or declared to be unlawful by this act, the jury in its discretion may award exemplary damages."

The answer contains a general denial of the allegations of the complaint, and then sets up the two defenses which, it is contended, are insufficient in law upon the face thereof. The first defense reads as follows:

"(3) Upon information and belief that heretofore and on or about the 7th day of February, 1904, plaintiff herein had her picture or photograph taken by one Joseph Hall, of the city of New York, in the ordinary course of the business of the said Hall as a photographer; that it was then and there orally agreed between the plaintiff and the said Hall, in consideration of a reduction made to the plaintiff by the said Hall from the usual price of such photographers, that the said Hall should have the right to sell or otherwise use the copies of the plaintiff's said photograph for the purposes of his business.

"(4) Upon information and belief that thereafter and pursuant to such contract with the plaintiff the said Hall made numerous copies of the plaintiff's said photograph, and sold various copies thereof to one L. H. Cohen, engaged in the manufacture and sale of photograph frames in the city of New York, and that thereafter the defendant purchased from the said Cohen a number of photograph frames, and the said Cohen voluntarily and gratuitously delivered to the defendant with the frames so purchased a large number of photographs of various persons and subjects, including one or more copies of the photograph of the plaintiff, which were and continued to be the property of the said Cohen."

The second reads as follows:

"(5) Upon information and belief that heretofore and on or about the 7th day of February, 1904, the plaintiff herein had her picture or photograph taken by one Joseph Hall, of the city of New York, in the ordinary course of the business of the said Hall as a photographer; that it was then and thereupon orally agreed between the plaintiff and the said Hall, in consideration of a reduction made to the plaintiff by the said Hall from the usual price of such photographs, that the said Hall should have the right to sell or otherwise use copies of the plaintiff's said photograph for the purposes of his business.

"(6) Upon information and belief that at the said time and for a long time prior thereto it had been and now is the custom of the photographers in the city of New York to sell or furnish photographs at a reduction from the usual price thereof at what is known as 'professional rates' to such person or persons as are known to the public, as actors or actresses or otherwise, it being understood and agreed that in cases where such reduced rates are given by the photographer that the photographer is entitled to reproduce such photographs and sell or otherwise use the same in the course of his business;

that at the time the plaintiff had her photograph taken by the said Hall as aforesaid such custom was fully known to the plaintiff.

"(7) That the plaintiff, desiring to obtain such photographs at such reduced rates, stated to the said Hall that she, the plaintiff, was known to the public as a professional, and at her request obtained such photographs at such reduced or professional rates, and with the knowledge of the custom above referred to, and that the plaintiff thereupon orally authorized the said Hall so to reproduce and use her said photograph and waived any and all rights which she might have had under chapter 132, p. 308, of the Laws of 1903 of the state of New York."

The first defense is insufficient in law upon the face thereof. In order to escape the effect of the statute, the defendant must show a literal and actual compliance with its terms. Any defense that falls short of these allegations is fatally defective. The first defense is fatally defective in many particulars. It affirmatively alleges that the consent was oral, and not in writing. This in itself would be sufficient to defeat the defense. The defense fails to show that any consent was obtained from the parent or guardian of the plaintiff. There is no denial in either defense of the infancy of the plaintiff alleged in paragraph 1 of the complaint. Such allegation must be deemed to be admitted for the purposes of this defense. The Legislature, by making specific provision for the protection of a minor, plainly intended that nothing short of the express written consent of the parent or guardian would suffice to relieve photographers or third persons from liability for exhibiting portraits without permission. The defense is further fatally defective in its failure to allege that the defendants ever obtained any consent, written or oral, either from the plaintiff or from her guardian. The only allegation is that a photographer named Hall made an oral agreement with the plaintiff for the use of this picture; that Hall sold various copies to one Cohen, a picture frame dealer; and that the defendant received the photographs from Cohen. Conceding that there was such an oral agreement with Hall, and that such oral agreement might constitute a defense in a suit against Hall, such agreement would in no way relieve either Cohen, the picture frame dealer, or these defendants. The answer herein does not even allege knowledge by the defendants or of Cohen of this so-called oral agreement, and in no way connects the defendants with the original arrangements for the taking of the pictures so as to excuse them for their unauthorized acts. The statute specifically provides that the written consent must first be obtained by the "person, firm or corporation that uses" the pictures. These defendants have not themselves obtained this written consent. Even had the plaintiff's guardian given her written consent to Hall, it would, nevertheless, be necessary for any other person to obtain a similar written consent in order to escape liability under the statute. The second defense is also insufficient in law upon the face thereof. This defense sets out the oral agreement as is contained in the first defense, and in addition sets forth the custom of the photographers · in the city of New York to sell or furnish photographs at professional rates to actors, in return for which special rate the right to reproduce and sell photographs or otherwise use them in the course of his business is given to the photographer, and that the plaintiff, with the knowledge of the custom, made a special oral agreement with Hall

so to produce and use her photograph, and "waived any and all rights" which she may have had under chapter 132, p. 308, of the Laws of 1903 of the state of New York." This defense is demurrable for the reasons already stated, and also for the additional reason that, even conceding that the plaintiff made special agreement with Hall in the light of this custom, any such custom could not be availed of to contravene the express rules of law or the provisions of any statute. The statute being aimed against an abuse which the Court of Appeals felt to exist, but considered itself without power to defeat, any such custom as is here alleged would be repugnant and void, and the statute must control. 12 Cyc. pp. 1054, 1055, and cases cited; Colgate v. Penn. C. Co., 102 N. Y. 120, 6 N. E. 114. Any evidence as to this custom would be inadmissble by way of defense, and, moreover, the final allegation as to waiver contained in paragraph seven, is, of course, a mere conclusion of law. It may be further stated that any arrangement between the plaintiff and Hall in reliance on this custom, even conceding its availability by Hall, in no way avails these defendants, who are third parties and in no way connected with Hall. The constitutionality of the statute has been upheld by the Appellate Division, Second Department. Rhodes v. Sperry & Hutchinson Co., 114 App. Div. 920, 100 N. Y. Supp. 1140; Id., 120 App. Div. 467, 104 N. Y. Supp. 1102. The Appellate Division, First Department, had the constitutionality of the statute before it both on the briefs of counsel and on the argument in the case of Riddle v. McFadden et al., 116 App. Div. 353, 101 N. Y. Supp. 606. The statute was expressly urged by the Court of Appeals in the Roberson Case where Parker, C. J., said (171 N. Y., at page 545, 64 N. E., at page 443 [59 L. R. A. 478, 89 Am. St. Rep. 828]):

"The legislative body could very well interfere and arbitrarily provide that no one should be permitted for his own selfish purpose to use the picture or the name of another for advertising purposes without his consent. In such event, no embarrassment would result to the general body of the law, for the rule would be applicable only to cases provided for by the statute."

The Legislature has simply carried out this express recommendation. There is no hardship in the statute. The person who has his portrait taken has certain property rights at common law. The photographer's only right is that of compensation for taking the photograph. He has no right to reproduce the portrait for others without consent or to use them for any other purpose without consent. Even if it should seem an unreasonable restriction to require a written consent, the statute might be held good in part. Conceding, for the sake of argument, that the written consent is unreasonable, the defense would be insufficient in law on the face thereof for the reasons above outlined, and more particularly because it nowhere appears on the face of the pleadings that these defendants themselves obtained any consent, oral or written; that such consent as may have been obtained by Hall was obtained from the plaintiff, a minor, and not from her parent or guardian; that in no way is the defense of any such arrangement with Hall available to these defendants; and that the defense of custom is inadmissible to contravene an express rule of law or provision of statute.

Demurrer sustained, with costs. Settle order on notice.