MULCAHY & GIBSON, Inc., v. NATIONAL SURETY CO.   (No. 7211.)

(Supreme Court, Appellate Division, First Department.   May 7, 1915.)

NEW TRIAL ☞31, 110—NECESSITY OF OBJECTION AND EXCEPTION AT TRIAL.

Where the claimed misconduct of defendant's attorney at the trial was not the subject of any objection, exception, or motion during the trial, plaintiff could not urge such misconduct as a ground for a new trial; nor could the court sua sponte set aside the verdict for defendant on such ground, especially where, though defendant's counsel was guilty of excessive pertinacity in attempting to introduce testimony which the court deemed immaterial, and on its exclusion made remarks which might have justified admonition, his conduct was not such as to justify a suspicion that it affected the verdict.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 46, 231; Dec. Dig. ☞31, 110.]

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from Special Term, New York County.

Action by Mulcahy & Gibson, Incorporated, against the National Surety Company. From an order setting aside a verdict for defendant and granting a new trial, defendant appeals. Reversed, and verdict reinstated.

See, also, 153 N. Y. Supp. 1130.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, SCOTT, and HOTCHKISS, JJ.

Frederic R. Coudert, of New York City, for appellant.
James A. Foley, of New York City, for respondent.

HOTCHKISS, J. The plaintiff was a subcontractor under the principal contractor for painting the elevated steel structure of portions of the subway railroad in Queens county, and one Reichman was a subcontractor for the work under the plaintiff. A clause of the contract provided that if the contractor should abandon the work, or should refuse or neglect to prosecute it with a force sufficient in the opinion of the principal to insure its completion within a certain time, or if the work should not be done according to contract, the principal should by a three days' written notice have the right to notify the contractor to discontinue, and thereupon after the expiration of such three days the contractor should discontinue, and the principal might enter upon and take possession of the work and the plant used in connection therewith, and itself complete the work or contract for its completion at the expense of the contractor.

The action is on a bond given by Reichman for the faithful performance of his contract, and the issue was whether Reichman had abandoned the job, or whether plaintiff had unjustifiably prevented him from continuing it. The plaintiff moved to set the verdict aside upon all the grounds mentioned in section 999 of the Code of Civil Procedure, including the ground that it was against the weight of evidence, which motion the court took under consideration, and subsequently granted the motion to set the verdict aside, not upon any of the grounds above specified, but, as recited in the order, because it appeared to the learned trial justice "that by reason of the conduct of counsel for the defendant a fair trial of the issues tendered by the plaintiff was made impossible." On the issue presented by the pleadings and litigated at the trial, the testimony fairly raised a question of fact which the jury determined in defendant's favor, and after a careful reading of the record it is impossible to say that this verdict was against the weight of evidence, or that the trial court would have been justified in setting the verdict aside on that ground. Nor does it appear that in the progress of the trial there was any error which would have justified the setting aside of the verdict. It is apparent, therefore, that the trial court was right in refusing to disturb the verdict on any of the grounds on which the motion to set it aside was based.

The only question before us, therefore, is whether the court was right in setting aside the verdict on the grounds specified in the order. A careful examination of the portions of the record to which we are referred as evidence of the alleged improprieties of defendant's counsel

do not, at most, reveal anything worse than a somewhat excessive pertinacity in attempting to introduce a line of testimony which the learned trial justice deemed immaterial or irrelevant, and remarks of counsel on the exclusion of such evidence, which remarks were certainly in bad taste and might well have justified admonition and censure from the court, but were not in my opinion such as to justify the suspicion that they affected the verdict in the slightest degree. But, however this may be, the conduct of the defendant's attorney was not the subject of any objection or exception or motion on the part of the plaintiff at any time during the trial. On the contrary, the trial proceeded and the case went to the jury without any suggestion from the plaintiff that its rights had been jeopardized by any of the improprieties now complained of. The plaintiff, having thus sat by and taken the chances of a verdict in its favor, could not thereafter be heard to urge grounds of objection which, if they had any existence, had not been brought to the attention of the court during the trial. In these circumstances it must certainly follow that the court itself could not, as it seems to have done, sua sponte set aside the verdict on any such ground.

The order must therefore be reversed, with costs, and the verdict reinstated. Order filed. All concur.