LEONORE HARRIS, Respondent, v. THE H. W. GOSSARD COMPANY, INC., and JAMES McCREERY & COMPANY, Appellants.

First Department, January 14, 1921.

Civil rights — action by actress for damages for use of her name and portrait for advertising and purposes of trade without her consent — verdict for six cents not insufficient — arguments of counsel — conduct of counsel at trial cannot be raised on appeal where not objected to — when misconduct of counsel not sufficient to justify setting aside verdict as matter of discretion.

In an action by a well-known actress to recover damages for the use of her name and portrait for advertising and purposes of trade without her consent, contrary to the provisions of the Civil Rights Law, a verdict for six cents was not insufficient and contrary to the evidence and the weight thereof, where it appeared that the plaintiff's name and portrait had frequently been published without her objection, and that she had given her oral consent to the use of her name and portrait by the defendants.

The failure of the plaintiff's counsel to object to improper conduct by the defendants' counsel during the trial and to call the court's attention to any act of alleged misconduct or make any request that the jury be instructed to disregard the matters constituting such misconduct precludes the plaintiff from urging such objections on a motion to set aside the verdict.

It was error for the trial justice to set aside the verdict in favor of the plaintiff for six cents damages on the ground of misconduct by the defendants' counsel for the further reason that the conduct was not such as to justify the action of the trial justice as a matter of discretion.

The exhibition of photographic supplements of newspapers and advertising pages of magazines within view of the jury for the purpose of offering them

in evidence did not constitute misconduct, and if there was any impropriety in the method of their presentation objection should have been made thereto, otherwise counsel for the defendants had the right to assume that he might rightfully present such evidence.

While evidence of a custom and usage among prominent actresses to permit their names and photographs to be used for advertising purposes was immaterial and irrelevant to the issues of the case, it was not improper for counsel for the defendants to ask the question of several witnesses, and if the justice was of the opinion that the repetition of the questions was prejudicial, he should have directed counsel to desist and ruled that sufficient had already appeared upon the record to afford the defendants full benefit of an exception to that line of testimony.

APPEAL by the defendants, The H. W. Gossard Company, Inc., and another, from an order of the Supreme Court, made at the New York Trial Term and entered in the office of the clerk of the county of New York on the 8th day of June, 1920, granting plaintiff's motion to set aside the verdict and ordering a new trial.

*Macdonald DeWitt,* for the appellants.

*Outerbridge Horsey* of counsel [*Nicoll, Anable, Fuller & Sullivan,* attorneys], for the respondent.

PAGE, J.:

Plaintiff brought this action to recover damages for the use of her name and portrait for advertising and purposes of trade without her consent, contrary to the provisions of the Civil Rights Law (§§ 50, 51, as amd. by Laws of 1911, chap. 226). The principal contested question of fact was whether the plaintiff had given her consent to the publication of her name and portrait. The court instructed the jury that if they found that the defendants had so used the name and portrait of the plaintiff, knowing that she had not given her consent thereto, either orally or in writing, they might include in their verdict exemplary damages in addition to compensatory damages; if they found that the name and picture were used without the written consent of the plaintiff they should give her such sum as they thought would be a just and fair compensation for her injured feelings, and their verdict

might be in any sum from six cents up. To this charge the plaintiff did not except. The jury returned a verdict in favor of the plaintiff for six cents.

The jury, therefore, accepted the testimony of defendants' witness that the plaintiff had given her oral consent to this use of her name and portrait by the defendant, The H. W. Gossard Company, Inc.

The plaintiff was a well-known actress, whose name and portrait had frequently been published, and no objection had ever been raised by her on account of these publications; in fact, she admitted that they helped her in her profession and that she was not averse to the publicity which these publications brought, provided it was in connection with her profession. Taking these facts into consideration, we cannot say that " the damages are insufficient, contrary to the evidence and the weight thereof, and otherwise contrary to law," which were the only grounds specified by plaintiff's attorney in the motion made on the minutes for a new trial. Decision was reserved. The case of the same plaintiff against *The Vogue Company* and another was then tried before the same court and resulted in a verdict for plaintiff for six cents damages. A similar motion to set aside that verdict and for a new trial was made, and decision reserved. Some months thereafter the justice handed down his opinion in the *Vogue* case, in which he states that the plaintiff's counsel earnestly urges that new trials be granted in the discretion of the court, basing his argument in that regard upon the zeal of defendants' counsel, who, in his effort for victory, produced an atmosphere throughout both trials which could not have failed to have a most baneful influence upon the jury. He summarizes these matters:

1. That photographs published as an aid to the plaintiff in her professional career were received in evidence. Some of these were published with and some without her knowledge and consent. None were for trade purposes. Defendants' counsel undertook to prove that among prominent actresses a custom existed to permit their names and photographs to be used in connection with trade advertisements without compensation. After the first ruling on the subject and exception noted, he persisted in repeating the question to successive witnesses.

2. That defendants' counsel within the view of the jury exhibited photographic supplements of Sunday newspapers and advertising pages of magazines, which contained many photographs of actresses.

3. After plaintiff had consented during the trial to have a flashlight photograph of herself taken by a newspaper photographer, defendants' counsel availed himself of the incident and offered in evidence a newspaper containing plaintiff's portrait, which later was shown to be a reproduction of an old picture of plaintiff and not one of those taken by flashlight. .

The only objections that were taken at the trial were that the evidence was immaterial and irrelevant. Plaintiff's counsel made no protest or charge of improper conduct during the trial, nor did he call the court's attention to any act of alleged misconduct, nor did he make any request that the jury be instructed to disregard the matters of which he now complains. If he desired to raise those questions he should have laid the foundation by proper objection or motion, and exception. He did not ask to withdraw a juror. He thus sat by, taking the chances of a favorable verdict, and when disappointed in this expectation he cannot be heard to urge such objections on a motion to set aside the verdict. (*Mulcahy & Gibson, Inc.,* v. *Nat. Surety Co.,* 167 App. Div. 651; *Dimon* v. *N. Y. C. & H. R. R. R. Co.,* 173 N. Y. 356.) A careful reading of the record does not disclose such misconduct on the part of the defendants' counsel as to justify the action of the trial justice as a matter of discretion. The incident of the exhibition of the photographic supplements of newspapers and advertising pages of magazines within view of the jury was for the purpose of offering them in evidence. If there was any impropriety in the method of their presentation, an admonition of the justice to counsel when the first was so presented and proper instruction to the jury would have corrected any error and prevented its repetition. If then persisted in, a mistrial might properly have been ordered. Persistence in presenting evidence similar to that excluded may be highly improper, but if no objection is made either by adverse counsel or by the court, counsel may assume that he may rightfully present such evidence as he deems material and obtain the benefit of an exception to its exclusion.

In undertaking to prove the existence of a settled and well-known custom among prominent actresses to permit their names and photographs to be used for advertising purposes, counsel asked the question relating to such custom of several witnesses. While we agree that evidence of such a custom was immaterial and irrelevant to the issues in this case, we cannot agree that it was improper to ask the question of several witnesses. If such evidence had been material, it would have been entirely proper to interrogate the several witnesses concerning the same. For a custom to be of any potency it must be so general and well known in the business that parties are to be presumed to have acted with full knowledge of it, and, therefore, it properly may be the subject of inquiry of all who are examined who have an intimate knowledge of the business. If the justice was of opinion that the repetition of these questions was prejudicial, he should have directed counsel to desist and ruled that sufficient had already appeared upon the record to afford the defendants full benefit of an exception to that line of testimony. It may be that counsel was too pertinacious, but the time to restrain him was before his pertinacity could become prejudicial to the adversary; and if persisted in after admonition, a mistrial should have been ordered. Instead of that being done, the case was submitted to the jury, and if the jury believed that the plaintiff had orally consented to the use of her name and photograph by the Gossard Company, under the charge of the court, a verdict for six cents was proper. We cannot find, therefore, that the verdict was the result of any prejudicial atmosphere created by the defendants' counsel.

The order should be reversed, with costs, and the verdict reinstated.

CLARKE, P. J., DOWLING, SMITH and GREENBAUM, JJ., concur.

Order reversed, with costs, and verdict reinstated.