SYLVIA SIDNEY, Plaintiff, *v.* A. S. BECK SHOE CORPORATION, Defendant.

Supreme Court, New York County, September 14, 1934.

*House, Grossman & Vorhaus*, for the plaintiff.

*Schlesinger & Krinsky* [*Benjamin Daniels* of counsel], for the defendant.

LAUER, J. The plaintiff, an actress of some prominence, charges the defendant with having published her photograph for advertising purposes, without her written consent. The defendant pleads three partial defenses in mitigation of damages. This motion was made to strike out all three. In her brief and on the argument plaintiff withdrew objections to the first and second partial defenses, which limits consideration to the third.

The bases for this defense are the allegations that a general custom exists in the theatrical profession, whereby persons in it permitted and encouraged the use of their pictures in trade advertisements without compensation, and without their written consent being obtained, for the purpose of exploiting themselves in their profession. An action under the Civil Rights Law is an action to recover damages for a personal injury. (*Riddle* v. *McFadden*, 201 N. Y. 215.) Section 339 of the Civil Practice Act permits proof, at the trial of such an action, of facts if pleaded, not amounting to a total defense, which tend to mitigate damages. Such defenses are not to be subjected to the strict scrutiny of complete defenses, and are properly allowed to stand until trial. (*Bradner* v. *Faulkner*, 93 N. Y. 515.) That this plea is not a complete defense cannot be questioned. I am inclined to believe that as a partial defense in mitigation of damages it is properly pleaded. The only case cited to the contrary is *Harris* v. *Gossard* (194 App. Div. 688), in which it was said: " While we agree that evidence of such a custom was immaterial and irrelevant to the issues in this case, we cannot agree that it was improper to ask the questions of several witnesses. If such evidence had been material, it would have been entirely proper to interrogate the several witnesses concerning the same." An examination of the record on appeal in that case discloses that the defense was not pleaded, and, therefore, not an issue in that case.

In *Wyatt* v. *Wanamaker* (58 Misc. 429; affd., 126 App. Div. 656) the plea was as a total or complete defense, a clearly distinguishing feature. There the demurrer was properly sustained. The motion is, therefore, denied, with ten dollars costs.