Joseph Moser, Plaintiff, *v.* The Press Publishing Company, Defendant.

(Supreme Court, Sullivan Trial and Special Term, April, 1908.)

Injunction:   Who and what may be enjoined — Publications and statutes — Publication of portrait:   Actions for injunctions — Pleading.

Pleading — Matters relating to pleadings generally — Conclusions of law — That publication was for purposes of trade.

The provisions of chapter 132 of the Laws of 1903 were not intended by the Legislature to prohibit a newspaper from using or publishing the name or portrait of a person without his consent in a single issue, but rather from the continuous use of a person's portrait as a means of advertising a business and for the purposes of trade; and, in an action brought to restrain the defendant, the publisher of a newspaper, where the complaint contains no allegation that the defendant intends to sell or use any further issues of the publication containing plaintiff's portrait or entertains any intention of republishing the same, a demurrer thereto should be sustained.

In the complaint in such an action, an allegation that the publication of the plaintiff's picture is for purposes of trade is a conclusion of law; and, where there are no facts stated to justify such a conclusion, the allegation is insufficient to bring the case within the provisions of said act.

DEMURRER to complaint.

Frank S. Anderson, for plaintiff.

Bowers & Sands (Allan B. A. Bradley, of counsel), for defendant.

BETTS, J. The plaintiff alleges in his complaint against the defendant as his cause of action, in substance, that the defendant was, on the 22d day of April, 1907, the owner and publisher of a newspaper publication called *The World* or *New York World* and that it published and sold for " purposes of trade," on or subsequently to the 22d day of April, 1907, several hundred thousand copies of said publication called *The World* or *New York World* for " purposes of trade " and published, circulated and sold " for purposes of trade " several thousand copies of said publication in and about the town of Fremont, county of Sullivan and State of New York, where the plaintiff then and for some forty years previously had resided and had a large acquaintance; that said publication of that day contained the name, portrait or picture of the plaintiff printed on the eighteenth page thereof in connection with the portrait or picture of another person and of a house, and a long article published concerning the plaintiff and another person, unpleasantly commenting on certain alleged actions of plaintiff; that the use of plaintiff's photograph in the manner indicated was done without the defendant first having obtained the written consent of the plaintiff, and in violation of chapter 132 of the Laws of 1903 of the State of New York, and without the knowledge or consent of the plaintiff; and that the article so published was wholly false and untrue, and without any foundation in fact whatever; and that the plaintiff has been and is caused great mental distress and anguish and caused to be shunned and ridiculed by his friends and acquaintances to his damage. Plaintiff, therefore, demands that the defendant be forever enjoined and restrained from publishing the plaintiff's picture or photograph, as the same was published for purposes of trade by it on said 22d day of

April, 1907, or any photograph whatever alleged to be a likeness of or representing the plaintiff, and that the plaintiff recover damages by reason of said publication. The defendant demurs to the complaint herein on the ground that it does not state facts sufficient to constitute a cause of action.

Chapter 132 of the Laws of 1903, under which this action is brought, is entitled "An act to prevent the unauthorized use of the name or picture of any person for the purposes of trade." Section 2 thereof, so far as material to the inquiry here, is as follows: "Any person whose name, portrait or picture is used within this state * * * for the purposes of trade, without the written consent first obtained * * * of such person, may maintain an equitable action in the supreme court of this state against the person, firm or corporation so using his name, portrait or picture, to prevent and restrain the use thereof;" and further provides that he may also recover damages for injuries sustained by reason of such use.

The question which is raised by the defendant's demurrer is, Whether this statute was intended to and does apply to a newspaper publication of the kind alleged?

In the year 1902, in the case of Roberson v. Rochester Folding Box Company, 171 N. Y. 538, the Court of Appeals held that an injunction cannot be granted to restrain the unauthorized publication and distribution of lithographic prints, or copies of a photograph of a young woman as part of an advertisement of a legitimate manufactured article, where there is no allegation that the picture is libelous in any respect, although the publication has caused her great mental and physical distress; and the demurrer to the complaint in that action was sustained. It appeared by the complaint that the defendants were using the portrait of the plaintiff for the purposes of advertising a brand of flour, which one of the defendants was manufacturing and selling; and said defendant was posting and distributing such portraits upon lithographic prints in stores, saloons and other public places. It was held that redress could not be obtained from the courts; but, if obtainable at all, it must be

from the Legislature. The following year the statute in question was passed and has been generally regarded as the response of the Legislature to this decision of the Court of Appeals. There has been no decision under it referring to a newspaper publication that has been called to my attention or that I have been able to find. The evil sought to be remedied in the Roberson case was a continuous use by the defendants of the plaintiff's portrait, as a means of advertising the defendants' business and for the purposes of their trade in the commodity put forth by one of them.

Provided this statute was passed in response to sentiment developed as a result of said decision of the Court of Appeals the case here is not analogous. There is no allegation here that the defendant intends to sell or use any further issues of this publication of April twenty-second. Although it is not stated in the complaint that the publication complained of was a daily newspaper, yet it is fairly apparent from the complaint that it was published in the publication of that date only and with no intention of repeating the same; as the publication was on the twenty-second of April, and the complaint was verified on the twenty-fourth day of August, four months thereafter. There is no allegation that the portrait published was in any way libelous.

While it may be that this statute is in terms broad enough to give a cause of action to a person whose portrait was unauthorizedly published or used in a newspaper continuously, day after day or week after week, in connection with the advertisement of some patent medicine or some other commodity which the advertiser was interested in selling and for the purpose of trade on his own part, yet I do not think it was ever intended by the Legislature that, under the guise of this statute, a newspaper publication could be prohibited from using or publishing the name and portrait in a single issue of a person without his consent having first been obtained. The uselessness of an injunction, obtained four months after a publication in a daily newspaper, restraining that publication, where there is no averment of an intention of further publishing or using it, lends strength to the construction of the statute here adopted. If the pub-

**6**

lication of a portrait can under this statute be prohibited in a daily newspaper the publication of a name could also be prohibited without such written consent having been first obtained; so that the publication of a daily newspaper in this State, showing and giving an accurate account of occurrences throughout the civilized world, would be an impossibility, as no publishing corporation would undertake to successfully defend the numerous law suits that might deluge them if the persons within this State whose names were published (without their written consent) in each issue asserted their rights under this statute. It would seem as if the statement of this proposition ought to bear its own refutation, even without any regard to the infringement of the constitutional guaranty of a free press.

I think the object had in view by the Legislature was to restrain a somewhat similar occurrence to that described in the case of Roberson v. Rochester Folding Box Company, *supra*. The statute does not even use the word "publish," but says, "is used within this State." The unauthorized use is what is guarded against. Of course, if the publication is libelous, the plaintiff has his common-law remedy.

It is contended by the plaintiff that the defendant, having demurred to the complaint, admits its truth, which is that this portrait of the plaintiff was published and sold by the defendant for "purposes of trade" repeatedly alleged in substance in the complaint. This is, of course, a conclusion of the plaintiff as to the purpose for which his picture was published by the defendant. A person suing under a statute must bring himself clearly within its provisions. It would have been very easy for the Legislature, if it intended to restrain the publication of portraits by a newspaper, to have, by a very few apt words in this statute, made its intention clear.

I conclude that the statute was not intended by the Legislature to apply to a publication of portraits of the kind described in this complaint, and, therefore, hold that the demurrer is good; and judgment may be entered accordingly.

Demurrer sustained.