he must commence an action *in form for the enforcement of the lien* and obtain a judgment as if the lien still existed."

The authorities cited establish the proposition that the bond takes the place of the property *in the action* to foreclose the lien. That being the purpose and office of the bond, and it being now too late to bring such an action, what reason is there for keeping the bond alive and subjecting the principal to the expense of the premiums which, under such circumstances, he is required to pay?

An action on the bond cannot be maintained after the lien has expired. (Clonin v. Lippe, 121 App. Div. 466, 467, 106 N. Y. Supp. 58), and it therefore follows that the owner of the property and the surety on the bond are entitled to be relieved from its obligations.

Motion granted.

---

(74 Misc. Rep. 201.)

### WENDELL v. CONDUIT MACH. COMPANY.

(Supreme Court, Special Term, Kings County. November, 1911.)

INJUNCTION (§ 96*)—PROTECTION OF PRIVACY—USE OF PORTRAIT.

 Where an employé voluntarily poses for a portrait to be used in his master's business, he cannot, after expenses have been incurred, sue on the termination of his employment under Civil Rights Law (Consol. Laws 1909, c. 6) § 50, to restrain the further use of his portrait for advertising purposes.

 [Ed. Note.—For other cases, see Injunction, Dec. Dig. § 96.*]

Action by William F. Wendell against the Conduit Machine Company. Motion for temporary injunction. Denied.

Myron Sulzberger, for the motion.
Chase Mellen, opposed.

KAPPER, J. It is conceded that the defendant is using plaintiff's portrait or picture for advertising purposes, or for the purposes of trade, without having first obtained his written consent, as required by Civil Rights Law, § 50. That use consists of circulars or catalogues, showing the plaintiff in the act of operating a machine manufactured by the defendant. By section 51 of the statute cited, supra, a person whose portrait or picture is used within this state for advertising purposes, or for the purposes of trade, without his written consent first obtained, as provided by section 50, supra, "may maintain an equitable action in the Supreme Court of this state against the person, firm or corporation so using his name, portrait or picture, to prevent and restrain the use thereof." In addition to the injunctive process, a right of action for damages at law is given by the statute to the person so aggrieved. Section 51.

The defendant resists the motion made by the plaintiff for an injunction pendente lite upon the ground that, by the plaintiff's own conduct in posing for the portrait with knowledge that the defendant was to make its present use thereof, namely, for advertising purposes, the plaintiff is estopped from asserting a right to an injunction.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

I am inclined to the opinion that the defendant must prevail on this motion. The facts set up by the defendant in its answering affidavits, to the effect that plaintiff was a willing and voluntary participant in the taking of his picture for the identical uses to which it was subsequently put by the defendant, and that, with knowledge on his part of such intended use, he posed for the taking of the picture, are not disputed by the plaintiff. The only complaint made by the plaintiff seems to be based upon the defendant's refusal of his request to discontinue the use of his picture in the defendant's advertisement, which request was made long after the defendant began to make use of the picture and at a time when the relations of master and servant between the parties were about to terminate.

The present action is in equity for an injunction, and the sole question before me is whether or not the defendant should be enjoined during the pendency of the action. I see no reason why the ordinary principles governing a motion for an injunction pendente lite should not be applied to this case. These principles, so elementary that they require no citation in their support, may be restated here. The granting of a temporary injunction rests in the sound discretion of the court under the circumstances of the particular case. It will never be granted when good conscience does not require it, nor where it will tend to promote, rather than to prevent, injustice. The applicant for an injunction is governed by the usual equitable rules, and the relief will be denied him, even though he shows that he has a right and would otherwise be entitled to the remedy, in case he has himself acted dishonestly, fraudulently, or illegally. It is not enough to show that defendant is without right. The complainant who seeks equity must do equity and must affirmatively show himself to be equitably entitled to the relief asked. If the complainant has himself acted in such a way as to raise an estoppel against him, he will not be granted an injunction to prevent the act in question. When plaintiff assents by word or conduct to the adverse claim or injurious conduct of defendant, he will be deprived of his right to the interference of a court of equity, until after he has established his right at law; and in this connection assent is not deemed evidence of a grant or privilege conferred, but simply operates to deprive plaintiff of the right to equitable interference.

Applying these principles to the case at bar, it is clear that the court, in the exercise of a sound discretion, should refuse a temporary injunction. The statute was intended to prevent the unauthorized use of another's portrait for advertising purposes or purposes of trade, and made the written consent of the person whose portrait was used for such purposes evidence of that authority; but it never was meant that an employé could fraudulently, or by his culpable negligence amounting to constructive fraud, mislead his employer into expenditures to build up his trade and thereafter claim the intervention of a court of equity where such intervention would visit a material injury upon the employer.

In Wyatt v. McCreery and Wyatt v. Wanamaker, 126 App. Div. 650, 656, 111 N. Y. Supp. 86, 90, a somewhat similar defense was interposed to actions brought by the plaintiff for the illegal use of her

photograph by the defendants; and the defenses in each action were demurred to and the demurrers sustained. But those decisions were based upon the fact of the plaintiff's infancy; for, as said in the case against Wanamaker, supra, 126 App. Div. 657, 111 N. Y. Supp. 90:

"The plaintiff is an infant, and on the facts pleaded she is not estopped from invoking the protection awarded to her by the act in question."

It seems to me that the cases cited are not an authority in support of the plaintiff on this motion.

Motion denied, with $10 costs.  ·