DAVID LUTZ, Appellant, *v.* SOCIETY OF PROFESSIONAL AUTOMOBILE ENGINEERS OF THE UNITED STATES, INC., Respondent.

Supreme Court, Appellate Term, First Department, February 5, 1931.

*M. Strassman,* for the appellant.

*Down & Heffernan,* for the respondent.

PER CURIAM. The certificates issued to plaintiff's assignor entitled the latter, and consequently the plaintiff, to the delivery of bonds secured by a mortgage. Upon the failure of the defendant to comply with the plaintiff's demand for the issuance to him of such bonds, he had the right to elect to rescind and recover the price paid. His assignor's concurrence in the resolution authorizing the execution and delivery of first and second mortgages for other purposes was not inconsistent with the issuance of bonds secured by a third mortgage and, therefore, did not estop him or his assignee from insisting upon the delivery of such bonds.

Judgment reversed, with thirty dollars costs, and judgment directed for plaintiff for the amount demanded in the complaint, with interest and costs.

All concur. Present — LEVY, PETERS and FRANKENTHALER, JJ.

Opinion of Municipal Court of New York, Borough of Manhattan, Seventh District, December 4, 1930:

ABRAMS, J. In this action the parties have brought on the trial upon an agreed statement of facts. The plaintiff seeks to recover damages to the amount of $1,000 because of the following situation: One Anderson, a member of the defendant society, in 1919, subscribed the sum of $1,000 to the building fund of the defendant in evidence of which there was delivered to him two certificates, identical in form, certifying that he was the owner of two bonds of a series secured by a " direct mortgage " on the real property of the defendant, the certificate to be exchanged for the bonds when " definite engraved bond " is prepared.

It is conceded that the bonds have never been issued and no " direct mortgage " was ever given to secure the bonds when issued.

In 1922 the joint committee of the defendant passed a resolution authorizing a first mortgage on the premises as well as a second mortgage which was ratified at a meeting of the holders of the certificate whereat Anderson attended and voted. In 1924 Anderson transferred the certificates to the plaintiff with the consent of the defendant and the plaintiff is now the owner and holder thereof.

Upon these facts the plaintiff claims the recovery of a judgment for $1,000 as damages because of the failure of the defendant to issue the bonds " within a reasonable time " (complaint, ¶ 10) and because of its failure to create a " direct " nortgage and ' issue " final and definite bonds " (Id. ¶ 12). The defendant contends that because plaintiff's assignor assented to the first and second mortgage, the assignor was estopped from demanding the issuance of the bonds and that the estoppel operates against the plaintiff because his taking of the certificates was subject to the equities between the original parties.

In my view of the case I fail to see that either contention is determinative of the dispute between the parties. My view is that the admitted facts do not support a claim for damages, either to the amount paid in by Anderson or any other sum, based on the failure to issue the bonds or create a " direct mortgage," nor do I regard the attendance of Anderson at the ratification meeting as a waiver of his right to the issue of the bonds and the making of the direct mortgage. It seems to me that the only remedy the plaintiff has against the defendant is to compel it to issue the bonds

to be secured by the direct mortgage, but he has no claim against it for damages for failure to do so.

Were this an action against the officials of the defendant for failure to take the steps necessary to validate such bonds and mortgage another question would be presented, but this is not before me. Accordingly the defendant is entitled to judgment dismissing the complaint without prejudice to any other action.