## SWEENEK v. PATHE NEWS, Inc.

### No. E–8041.

District Court, E. D. New York.

Oct. 8, 1936.

Harry Kamer, of New York City, for plaintiff.

William Mallard, of New York City (William S. Savage, of New York City, of counsel), for defendant.

MOSCOWITZ, District Judge.

This is a motion to dismiss the complaint for failure to state a cause of action. The plaintiff, Gertrude Sweenek, contends that the publication by the defendant Pathe News, Inc., of a reel of motion pictures, in which she appears, is a violation of her right of privacy under section 51 of the New York Civil Rights Law (Consol.Laws, c. 6). These pictures were incorporated as part of a newsreel and reveal women exercising in a gymnasium, in many instances with the aid of novel and unique apparatus. The course of exercises had been offered gratuitously by the proprietor of the gymnasium to the women, all of whom had to weigh over 200 pounds to qualify.

Section 51 provides: "Any person whose name, portrait or picture is used within this state for advertising purposes or for the purposes of trade without the written consent first obtained as above provided may maintain an equitable action in the supreme court of this state against the person, firm or corporation so using his name, portrait or picture, to prevent and restrain the use thereof; and may also sue and recover damages for any injuries sustained by reason of such use and if the defendant shall have knowingly used such person's name, portrait or picture in such manner as is forbidden or declared to be unlawful by the last section, the jury, in its discretion, may award exemplary damages."

The publication of matters of public interest in newspaper or newsreels is not a trade purpose within the meaning and purview of this statute. Humiston v. Universal Film Manufacturing Co., 189 App.Div. 467, 178 N.Y.S. 752; Moser v. Press Publishing Co., 59 Misc. 78, 109 N.Y. S. 963; see Binns v. Vitagraph Co., 210 N.Y. 51, 103 N.E. 1108, L.R.A.1915C, 839, Ann.Cas.1915B, 1024; Martin v. New Metropolitan Fiction, Inc., 139 Misc. 290, 292, 248 N.Y.S. 359. Thus the substance of defendant's argument is, first, that the film in question was a newsreel and contained matters of public interest; and, second, that plaintiff consented to the taking of the film. Authorities on the nature of news are few. In Associated Press v. International News Service, 245 F. 244, 248, 2 A.L.R. 317 (C.C.A.2), affirmed 248 U.S. 215, 39 S.Ct. 68, 63 L.Ed. 211, 2 A.L.R. 293, news is said to have "that indefinable quality of interest, which attracts public attention." The court in Jenkins v. News Syndicate Co., 128 Misc. 284, 285, 219 N. Y.S. 196, 198, says "a report of recent occurrences, * * * is generally understood by the term 'news.'" However, generalities such as these are of little value in the decision of a particular case. Of necessity, what is news of public interest will vary with the circumstances involved. This was recognized by the authors of the article which has served as the fountainhead of the doctrine of the right of privacy. Thus they say "To determine in advance of experience the exact line at which the dignity and convenience of the individual must yield to the demands of the public welfare or of private justice would be a difficult task." Warren & Brandeis, The Right of Privacy (1890) 4 Harv.L. Rev. 193, 214. While it may be difficult in some instances to find the point at which public interest ends, it seems reasonably

clear that pictures of a group of corpulent women attempting to reduce with the aid of some rather novel and unique apparatus do not cross the borderline, at least so long as a large proportion of the female sex continues its present concern about any increase in poundage. The amusing comments which accompanied the pictures did not detract from their news value. If they made the plaintiff appear ridiculous and exceeded the privilege of fair comment, then her action is for slander or libel, but not under the Civil Rights Law.

Although the conclusion that this was a proper subject of news makes unnecessary any discussion of consent, it might not be inapropos to consider it as revealing the spirit in which this action is brought. It is conceded by counsel for the defendant that the written consent required by the statute was not given. Oral consent, however, was apparently given. In Wendell v. Conduit Mach. Co., 74 Misc. 201, 133 N.Y.S. 758, this was held to be enough to ground denial of an injunction pendente lite. On the question of waiver, see, also, White v. White, 160 App.Div. 709, 145 N.Y.S. 743. While the court is not prepared to say that the express words and requirement of the statute may always be regarded as waived by oral consent, yet, such consent having been given, the whole action leaves the impression of being an afterthought on the part of the plaintiff.

Complaint dismissed. Settle order on notice.