MICHAEL PAGAN, an Infant, by JOSE PAGAN, His Father and Natural Guardian, et al., Respondents, v. NEW YORK HERALD TRIBUNE, INC., et al., Appellants, et al., Defendant.

First Department, June 24, 1969.

*E. Douglas Hamilton* of counsel (*John D. Kousi, Donald G. McCabe* and *Terry K. Glenn* with him on the brief; *Hall, McNicoll, Marett & Hamilton,* attorneys), for appellants.

*Martin Levine* of counsel (*Joseph Friedberg,* attorney), for respondents.

EAGER, J. This action is brought to recover damages for the publication without the consent of plaintiffs (infant boys apparently under 10 years of age) of their pictures in June, 1965, in the " New York ", a magazine supplement published and circulated with the Sunday edition of the former *New York Herald Tribune.* The defendants, New York Herald Tribune, Inc. and a fashion editor then in its employ, appeal from an order which denied their motion for summary judgment. Inasmuch as plaintiffs concede that they do not possess causes of action based upon any right of privacy independent of statute (see *Gautier* v. *Pro-Football, Inc.,* 304 N. Y. 354), the question pre-

sented is whether a proper application of sections 50 and 51 of the Civil Rights Law would support a recovery by plaintiffs.*

The pictures of the plaintiffs appeared in the magazine supplement in one of two beach scene photographs claimed by defendants to have been published primarily for the purpose of depicting "Poor-Boy Swim Suits" worn by a girl model on the beach. The scenes were apparently arranged for the purpose of focusing attention on the model wearing the swim suits, with children playing or standing on the beach in the vicinity of the model. The children, as they appear in the subject photographed scene, are identifiable but their names are not mentioned.

There is published with the beach scenes a note, including captions, purporting to be a fashion item, stating in part:

"The poor-boy swimsuit is directly descended from a big fad fashion of last winter, the poor-boy sweater, which was launched by the French magazine, *Elle*.

"Now, swimsuit designers, both here and abroad, have stretched it out, cut it up or cut it down — for swimming. There is the poor-boy bikini, the poor-boy tank suit, the poor-boy pullover, the poor-boy union suit. Made of ribbed cotton or nylon knit, they have that clingy, sleezy undershirt quality which have made the poor-boy sweater a hit with the young and chic from all over. * * * Smallest poor-boy is a bikini, very brief pants plus sawed-off tank top. Colored poor-looking Brown, the suit is by Elon, $20, Lord & Taylor."

The latter appears as a caption to the particular scene containing the plaintiffs' pictures. There is no reference in the complaint to this caption or to the afore-mentioned printed statement accompanying the photographs. There is no pleading by plaintiffs that their pictures were used directly or indirectly as an advertisement in behalf of the Lord & Taylor store nor is there any proof supporting any such claim. On the basis of settled law, we conclude that there is no support for a claim that the photographs including the plaintiffs' pictures were used "for advertising purposes, or for the purposes of trade" within the meaning of sections 50 and 51 of the Civil Rights Law.

The use of a name, portrait or picture "for advertising purposes" within the meaning of the statute contemplates a

---

* Plaintiffs also concede that causes of action based on the theory of "unjust enrichment" cannot survive independently of the causes of action expressly grounded on the statute. (See, *Bunnell* v. *Keystone Varnish Co.*, 254 App. Div. 885.)

use for the solicitation of patronage for a particular service or product. (See *Lahiri* v. *Daily Mirror,* 162 Misc. 776.) Here, however, the particular publication, as it appears in defendant's newspaper, comprised of the photographs and the accompanying note and captions, purports merely to feature an item of swim clothing, as a matter reasonably calculated to be of interest to readers of a newspaper. The pictures of the plaintiffs in the one photograph, and the statement in the accompanying note or caption of the price of the item of clothing appearing on a model, with the mention of the "Lord & Taylor" store, appear merely incidental to a public interest presentation. Actually, the photograph was published in that portion of the supplement to defendant's newspaper devoted to feature and magazine matter of general interest to its readers. As such, the publication was "physically segregated" from the advertising matter contained in the magazine supplement and in other portions of defendant's newspaper and, by "visual inspection", the photographs, including plaintiffs' pictures, appear to be news or feature matter as distinguished from advertising. (See *Gautier* v. *Pro-Football, Inc.,* 278 App. Div. 431, 434, affd. 304 N. Y. 354.) Certainly, therefore, in opposing the motion by defendants for summary judgment, the plaintiffs were bound to assume the burden of coming forward and presenting evidentiary data tending to establish their claim of violation of the statute. But the record lacks such data and it does not appear that the particular publication was other than a proper dissemination of fashion news of legitimate public interest.

Where a picture of an individual is published in a newspaper or magazine in connection with the presentation, without false or misleading material, of a matter of legitimate public interest to readers, and the picture bears a reasonable relationship to the presentation, the use of the picture in the publication is not actionable as a use for the purpose of advertising or trade within the prohibition of the statute unless the presentation is in effect an advertisement in disguise. (See *Dallesandro* v. *Holt & Co.,* 4 A D 2d 470; *La Forge* v. *Fairchild Pub.,* 23 A D 2d 636. See, also, *Time, Inc.* v. *Hill,* 385 U. S. 374.) "While newspapers and magazines are published for profit, the use of a name or picture in such publications does not *ipso facto* fall within the statute's (Civil Rights Law, § 51) 'purposes of trade'. (*Binns* v. *Vitagraph Co.,* 210 N. Y. 51; *Sidis* v. *F-R Pub. Corp.,* 113 F. 2d 806, cert. denied 311 U. S. 711; *Molony* v. *Boy Comics Publishers,* 277 App. Div. 166; *Lahiri* v. *Daily Mirror,* 162 Misc. 776.) "

(*Goelet* v. *Confidential, Inc.*, 5 A D 2d 226, 228. See, also, *Sweenek* v. *Pathe News*, 16 F. Supp. 746, 747.)

The decision in *La Forge* v. *Fairchild Pub.* (*supra*) is sufficiently in point to be controlling. There, the defendant had published in its newspaper a two-page pictorial story entitled "Fashion Follows a Pattern". As noted in the memorandum of this court, the "spread consisted of a dozen or more individual photographs taken at a racetrack of boys, young men and mature males each garbed in a sport jacket of a particular material. None of the individuals, including plaintiff, was identified by name or otherwise. The written matter accompanying the pictures stated, among other things, that the specified material of the jackets was a 'runaway fashion' at the races and associated events." This court concluded that the publication was not "for advertising purposes or for the purposes of trade" within the meaning of section 51 of the Civil Rights Law, citing *Dallesandro* v. *Holt & Co.* (*supra*).

Finally, although the particular photograph, which includes the pictures of the plaintiffs, appears as an arranged scene, with the posing of the plaintiff boys for the purpose of the photograph, a recovery is not supportable on the basis of improper "fictionalization", there being no allegation or proof of knowledgeable falsity or reckless disregard of truth in any of the material published. (See *Time, Inc.* v. *Hill, supra.* Cf. *Binns* v. *Vitagraph Co., supra*; *Youssoupoff* v. *Columbia Broadcasting System*, 19 A D 2d 865.)

The order of Special Term, entered October 18, 1968, denying defendants' motion for summary judgment, should be reversed, on the law, without costs and disbursements, defendants' motion for summary judgment should be granted, and plaintiffs' complaint should be dismissed.

NUNEZ, J. (dissenting). I dissent and vote to affirm for the reasons stated by Special Term.

Although the damages may be minimal, there may well be a technical violation of the statute. The price is mentioned. Lord & Taylor, a constant advertising client of defendant *Herald Tribune*, is mentioned. This may sustain the suggestion that the advertising was an intended benefit to Lord & Taylor. Thus, there is an issue as to "advertisement in disguise" and possibly a rebate precluding summary judgment. (*Dallesandro* v. *Holt & Co.*, 4 A D 2d 470.)

STEVENS, P. J., and STEUER, J., concur with EAGER, J.; NUNEZ, J., dissents in opinion, in which McGIVERN, J., concurs.

Order entered October 18, 1968, reversed, on the law, without costs and without disbursements, defendants' motion for summary judgment granted and plaintiffs' complaint dismissed. The Clerk is directed to enter judgment in favor of defendants dismissing the complaint.