OPINION OF THE COURT
Per Curiam.
Order entered March 30, 1984 modified to the extent of denying plaintiff’s cross motion for summary judgment on the first cause of action; as modified, order affirmed, without costs.
This action for invasion of privacy (Civil Rights Law §§ 50, 51) and for libel arises out of the unauthorized publication of plaintiff’s picture accompanying a 1981 article in defendant’s community newspaper on child pornography. The photograph was published with the words "rated x” imprinted on plaintiff’s face. Previously, plaintiff’s picture had been taken by a free-lance photographer in or about 1972 when plaintiff was a high school student, and was then used to illustrate an article on the beginning of the 1972-1973 school year. The defendant retained the photograph in its files and selected it again for use in connection with the child pornography story. Defendant claims, among other things, that the "mechanical” of the picture as delivered to the printer was supposed to have obliterated the face and just showed the words "rated x”, but the printer failed to comply with defendant’s written instruc *561 tions along these lines. Apparently, no one from the defendant checked the copy before the printer released the newspapers to the post office for delivery.
Upon respective motions for summary judgment addressed to both the privacy and libel causes of action, Special Term (1) set down the libel cause of action for trial; and (2) granted plaintiff’s cross motion for accelerated judgment on the Civil Rights Law privacy claim. We modify to the extent of denying summary relief on the latter cause of action, thus leaving that cause for trial along with the libel claim.
Civil Rights Law §§50 and 51 prohibit the use "for advertising purposes, or for the purposes of trade” of the name, portrait, or picture of a living person unless that person’s written consent has first been obtained. While the terms "trade” and "advertising” are not expressly defined in the statute, the courts, according due deference to constitutional concerns for freedom of free speech and free press, have consistently held that these terms should not apply to publications concerning newsworthy events or matters of public interest (Stephano v News Group Pub., 64 NY2d 174). The article in this case, dealing as it does with the evils of child pornography, treats a matter which journalists may reasonably conclude is "newsworthy” and deserving of public exposition — terms to be freely defined (Arrington v New York Times Co., 55 NY2d 433, 440; Gaeta v New York News, 62 NY2d 340, 349). However, an exception to the newsworthy privilege is recognized where it is shown that there is no real relationship between the use and the subject matter of the article or that the use was infected with substantial fictionalization or falsification (Davis v High Socy. Mag., 90 AD2d 374, 381; Pagan v New York Herald Tribune, 32 AD2d 341, 343, affd 26 NY2d 941; Lerman v Flynt Distrib. Co., 745 F2d 123 [2d Cir 1984]; Spahn v Julian Messner, Inc., 18 NY2d 324). Here, the plaintiff had no connection with the subject matter of the article, and the juxtaposition of her photograph with the article was obviously false and misleading. In such circumstances, the use may be considered as one for trade within the intendment of the Civil Rights Law (Thompson v Close-up, Inc., 277 App Div 848 [plaintiff’s photograph used as illustration in article on illicit drug dealing, with which plaintiff, in fact, had no connection]; Davis v High Socy. Mag., supra [use of posed photograph of unclad women boxers, one of whom was falsely identified as plaintiff]; Lerman v Flynt Distrib. Co., supra [use of photographs printed from movie scene, with caption mis *562 identifying plaintiff as topless actress pictured therein]; but cf. Arrington v New York Times Co., 55 NY2d 433, supra).
Although we are satisfied that defendant’s use of plaintiff’s photograph was one for trade purposes within the meaning of the statute, defendant cannot be held liable for the use unless it acted with the requisite fault. The precise standard of care which determines a media defendant’s liability in this type of privacy case has not judicially crystallized. In 1967, the Supreme Court applied actual malice as the test, holding that "the constitutional protections for speech and press preclude [recovery for invasion of privacy] to redress false reports of matters of public interest in the absence of proof that the defendant published the report with knowledge of its falsity or in reckless disregard of the truth” (Time, Inc. v Hill, 385 US 374, 387-388). By 1974, however, the court had restricted the application of the "actual malice” standard in libel cases concerning matters of public interest to situations where the plaintiff is a public figure or public official (Gertz v Robert Welch, Inc., 418 US 323). The doctrinal shift was prompted by the court’s recognition that private individuals are more vulnerable to libelous attacks than are public figures because they generally lack "effective opportunities for rebuttal,” and are more deserving of recovery because they have not "invite[d] attention and comment” (supra, at pp 344-345). The court left to the States the task of defining an appropriate standard of liability for the defamation of private individuals.
In response to Gertz, our Court of Appeals, in Chapadeau v Utica Observer-Dispatch (38 NY2d 196), established a "gross irresponsibility” standard in defamation actions brought by private figures. The court held (at p 199): "[W]here the content of the article is arguably within the sphere of legitimate public concern, which is reasonably related to matters warranting public exposition, the party defamed may recover; however, to warrant such recovery he must establish, by a preponderance of the evidence, that the publisher acted in a grossly irresponsible manner without due consideration for the standards of information gathering and dissemination ordinarily followed by responsible parties”. In light of this history, there is now a "substantial question” (Davis v High Socy. Mag., 90 AD2d 374, 383-384, supra) whether the "actual malice” test set down in Time, Inc. v Hill (supra) survives as the governing constitutional standard in Civil Rights Law privacy cases involving private individuals (see also, Restatement [Second] of Torts § 652E caveat, at 394; comment d, at *563 398-399; Wood v Hustler Mag., 736 F2d 1084, 1090-1092 [5th Cir 1984]; Crump v Beckley Newspapers, 320 SE2d 70, 88-89, — W Va —, — [1984]; Dresbach v Doubleday & Co., 518 F Supp 1285, 1288 [US Dist Ct, DC 1981]; Hill, Defamation and Privacy Under the First Amendment, 76 Colum L Rev 1205, 1274 [1976]). Given the similarity of issues raised in defamation and privacy claims, particularly as they implicate 1st Amendment concerns, there would seem to be no reason why the same standard of fault should not be applied in both types of cases. As indicated, supra, the prevailing standard in this tate in private plaintiff defamation actions involving newsworthy communications is the "gross irresponsibility” test enunciated in Chapadeau. Accordingly, that standard should also be applied to the privacy action brought by the private plaintiff herein.
We believe that factual questions exist as to whether defendant’s actions in publishing the challenged photograph amounted to gross irresponsibility "without due consideration for the standards of information gathering and dissemination ordinarily followed by responsible parties” (Chapadeau v Utica Observer-Dispatch, supra, p 199). Whether the defendant’s methods of publication and verification of copy deviated substantially from accepted standards of practice cannot be resolved on the record before us; resolution of that issue may well require the evaluation of expert testimony on newspaper industry practices. Given the heightened degree of fault which the plaintiff must ultimately prove, it is the rare case where summary judgment may readily be granted against a media defendant.
In light of our analysis and conclusion on the privacy cause of action, it necessarily follows that we affirm that part of the order below as denied summary judgment on the libel cause of action.
Riccobono, J. P., Sandifer and Parness, JJ., concur.