(78 Misc. Rep. 445.)

### ALMIND v. SEA BEACH CO.

(Supreme Court, Special Term, Kings County.   December, 1912.)

INJUNCTION (§ 21*)—SUBJECTS OF RELIEF—PUBLICATION OF PHOTOGRAPH.

> Under Civil Rights Law (Consol. Laws 1909, c. 3) § 51, giving to any person whose portrait is used for advertising purposes or for purposes of trade the right to an action to enjoin such use, a complaint to enjoin the use of a picture of plaintiff seated in a trolley car, designed for use on a placard in defendant's cars, to illustrate, with other pictures, the right and wrong way to get on and off cars, will be dismissed, where the facts and circumstances satisfy the court that plaintiff orally consented to such use of her picture.

> [Ed. Note.—For other cases, see Injunction, Cent. Dig. § 19;  Dec. Dig. § 21.*]

Action by Mary Clarissa Almind against the Sea Beach Company for an injunction against the use of plaintiff's photograph, in violation of Civil Rights Law (Consol. Laws 1909, c. 3).   Judgment dismissing complaint.

L. J. Weinberger, of New York City, for plaintiff.

Geo. D. Yeomans and J. W. Carpenter, both of Brooklyn, for defendant.

KAPPER, J.   In the view I take of this case it is unnecessary to decide that the use made of the plaintiff's picture was either for advertising or for trade purposes within the meaning of the statute. Civil Rights Law (Consol. Laws 1909, c. 3) § 51.   The picture complained of purports to show the plaintiff seated in a trolley car with a number of other persons, and the figure of a man holding one of the car stanchions, while a portion of his body lay upon the ground as though he was being dragged.   The car was not being used for transit at the time, but solely for the purposes of photography.   This particular picture is about eight inches long and four inches wide, and was designed for and used by the defendant on a placard in its cars to illustrate, in conjunction with four other pictures on the same placard which showed a woman in the act of boarding and alighting from

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

cars, the "right" and "wrong" way to get on and off cars. The face of the plaintiff on the picture is so small that I should have had difficulty, in the absence of plaintiff's assertion and defendant's acknowledgment that it was her photograph, in recognizing it as such. However, that may not be so material on the trial before me in equity in which a permanent injunction against the use of the picture by the defendant is sought, coupled with the further application that the cause be remitted after interlocutory judgment to the Trial Term for an assessment of plaintiff's damages by a jury. The facts relating to the taking of the picture and the circumstances under which it was taken satisfy me that plaintiff fully knew the use to which it was to be put by the defendant, and that she willingly and quite eagerly agreed to sit in the car for that very object. And so the question is whether or not the plaintiff's oral consent may be substituted by a court of equity for the written consent required by the statute, without which the statute forbids the use of another's picture for advertising or trade purposes.

Finding as I do, as a matter of fact, that the plaintiff orally consented to the particular use to be made of her picture by the defendant, I think the conclusion should follow that a court of equity, whatever might be the rights of a person in a court of law who claims to have been so injured, should refuse injunctive relief, unless the statute is to be regarded as favoring deception.

The statute requires as a prerequisite to the use of such a picture a written consent, but this I regard as but evidentiary, presumptive of the right of action only, and not conclusive in a case like this. Otherwise, one who may be compensated to pose for the use of his photograph by another for an object of which he was fully cognizant and to which he had wholly agreed could have both his pay and his injunction, regardless of the expense to which the user was put in the adaptation of the photograph to his business purposes, and in addition thereto there could follow, under those circumstances, an award by a jury of exemplary damages against the user.

To say that this statute can be made the instrument for the accomplishment of such an injustice seems to me to amount to a characterization of the law as ridiculous. I had occasion in Wendell v. Conduit Machine Co., 74 Misc. Rep. 201, 133 N. Y. Supp. 758, to deny a temporary injunction sought under the statute where the plaintiff voluntarily posed for a portrait to be used in his employer's business, and the views there expressed I deem it in the interests of justice to apply to this case, where the claim is being tried in equity upon the merits.

I do not understand that the statute under review commands a court of equity to grant equitable relief to the destruction of all equitable principles which have been applied to all equity actions since time out of mind; and, where a complainant in a court of equity is shown to have acted in such a way as to raise an estoppel against him or has assented by word or conduct to the adverse claim or injurious conduct of the defendant, he will be deprived of his right to the interference of a court of equity. The plaintiff could have elected to sue

at law and claimed damages under the statute. These would undoubtedly have been assessed in the light of plaintiff's conduct which was the inducing cause of the defendant's alleged illegal use of her picture. She has chosen, instead, to seek equitable relief in the expectation undoubtedly that the interlocutory judgment granting an injunction would be an adjudication of impelling force and result in an increased award of damages against defendant. That election requires me to act as a court of equity should and to deny the plaintiff the remedy she has sought.

Judgment will be for the defendant, dismissing the complaint, with costs.

Judgment dismissing complaint.