INTERNATIONAL AND INDUSTRIAL SECURITIES CORPORATION, Appellant, *v.* JAMAICA JEWISH CENTER, INC., Respondent.

First Department, March 10, 1933.

*Joseph J. Stern* of counsel [*Israel E. Pechter* with him on the brief; *Stern & Pechter*, attorneys], for the appellant.

*Alexander Zager* of counsel [*Jaffe & Zager*, attorneys], for the respondent.

SHERMAN, J.   Plaintiff's motion under rule 113 of the Rules of Civil Practice should, we hold, have been granted and the amount of recovery to which plaintiff is entitled be assessed under rule 113, as amended on March 14, 1932.

There appears to be no triable issue except that of the extent to which the amount mentioned in the complaint as due and owing by defendant has been paid or reduced by credits representing the net amount collected on pledges assigned to plaintiff's assignor pursuant to a written agreement executed between defendant and the said assignor.

Under the agreement, defendant purchased furniture and fittings to be used in its community center which were to be paid for in installments each of which was to be evidenced by one of a series of promissory notes executed and delivered simultaneously with the execution of the agreements.   In the event of default in payment of one of the notes, all unpaid notes became immediately due at the option of the payee.   Upon a default new notes were given under an extension agreement, and upon a further default this action was brought to recover the balance due.

The only defense set up in the answer which need be considered is the one relating to the amount remaining unpaid.   While the

affidavit submitted by defendant in support of that defense is vague and unsubstantial, nevertheless, in view of the fact that plaintiff is in possession of further pledges held as collateral which may since have been collected, and in order that the net amounts actually collected from numerous individual pledgors, as set forth in plaintiff's supporting affidavit, may be inquired into, we have concluded to give defendant an opportunity to make its defense and present its proof in that respect.

The order should be reversed, with twenty dollars costs and disbursements, the motion granted, with ten dollars costs, and an assessment to determine the amount due ordered for immediate hearing by the Supreme Court without a jury, pursuant to rule 113 of the Rules of Civil Practice.

FINCH, P. J., MERRELL, MARTIN and TOWNLEY, JJ., concur.

Order reversed, with twenty dollars costs and disbursements, and motion granted, with ten dollars costs, and an assessment to determine the amount due ordered for immediate hearing by the Supreme Court without a jury.