MARY GARDEN, Plaintiff, *v.* PARFUMERIE RIGAUD, INC., Defendant.

Supreme Court, New York County, April 20, 1933.

*Greene & Hurd* [*F. B. Hamlin* of counsel], for the plaintiff.

*Mock & Blum* [*Asher Blum* of counsel], for the defendant.

SCHMUCK, J. Aggrieved and irritated by the lavish use of her name and picture, the plaintiff invokes sections 50 and 51 of the Civil Rights Law. She insists that her protest be judicially heeded and the defendant restrained from advertising its wares through her as the medium of capturing public favor and patronage.

Inspecting the law, the following observations seem appropriate: The right of privacy is not only recognized, but by section 50 sought to be protected. The relief an offended individual may have is clearly defined by section 51. A study of these provisions has led the courts to declare as absolute the right of any living person to enjoin the use of name, portrait or picture for advertising or trade purposes unless written consent so to do is first obtained.

Plaintiff's denial of consent, in view of the communications subscribed by her and the long period of time defendant, to her knowledge, used her name and picture, is difficult to accredit. In 1909 plaintiff unquestionably permitted Dr. Mason, who gallantly presented her with samples of the perfume with which he desired to connect her name, her beauty and her popularity, to designate the product as "Parfum-Mary Garden." No other inference can be drawn from the writing signed by her and which reads: "I am pleased to give you herewith permission to use my name and portrait in connection with the perfume which you have originated, known as the perfume Mary Garden."

Nor can belief be extended to the claim that the import of this document was unknown to her and never intended to allow the defendant's predecessor this privilege. Not only did she maintain silence for more than twenty years while Rigaud made use of her name and portrait, but entranced, perchance, by the seductiveness of the aroma of the perfume, she indulged herself in poetic flight by writing Dr. Mason: "How could I object to anything so charming? And thanks a million times for the bottles already received."

Of all the objections raised by plaintiff, only one is worthy of judicial consideration. But that one is sufficient for the maintenance of this action and entitles her to the relief sought. Out of the stupendous array of objections the one that permission to use name and portrait is revocable stands out with force. It is the well-settled law of this State that a gratuitous license — and that is the best that can be said of the permission granted by plaintiff — to use name and portrait is revocable at any time, even though action has been taken upon it. The court cannot lend itself to defendant's claim that, having trade-marked the article and invested considerable money to popularize it, no revocation is possible. It may well be that by revocation serious impairment of business result. But that is a danger and risk assumed in accepting a consent unlimited as to time and against which, in the beginning, guard could easily be had. Regardless of plaintiff's reason for her refusal to continue permission to use her name, and even admitting that her reason is ulterior and mercenary, it cannot be denied that her name and her portrait are her own and during life solely at her dis-

posal. She, therefore, cannot be gainsaid in her refusal, and defendant must be restrained. However, whatever wares have been manufactured by the defendant or are in the process of manufacture may be purveyed by the defendant, but no perfume or other toilet accessory may be produced as Mary Garden perfume or perfumed with parfum Mary Garden.

Judgment for plaintiff. Submit findings accordingly. No costs.