JUDY LANE, Plaintiff, v. F. W. WOOLWORTH Co., Defendant.*

Supreme Court, Special Term, New York County, March 3, 1939.

Irving W. Jacwin, for the plaintiff.

Davies, Auerbach & Cornell [Martin A. Schenck of counsel], for the defendant.

* Affd., 257 App. Div. 1065.

NOONAN, J.   This is an action at law based on section 51 of the Civil Rights Law.   Plaintiff, an actress, alleges that the defendant, conducting retail stores popularly known as five- and ten-cent stores, sold lockets containing her photograph; in the language of the complaint that " defendant has knowingly and unlawfully and without the consent of the plaintiff, written or otherwise, used and distributed for advertising purposes and the purposes of trade, the photograph of plaintiff by offering for sale and actually selling to the retail trade in its retail stores, the articles of jewelry as aforementioned, which articles of jewelry contained the photograph of the plaintiff."

Plaintiff moves to strike from the answer paragraphs sixth, seventh and eighth upon the ground that they are " sham, frivolous, irrelevant, redundant, and unnecessary " and " insufficient in law."

Paragraph sixth reads as follows: " That the photograph of plaintiff, as reproduced and included in the lockets, has not as a photograph been either bought or sold by the defendant, and has not been used by the defendant for either advertising purposes or trade purposes, but has been used as an incident in the sale of the locket and merely to illustrate the use thereof, the designation on the back of the picture being that it should be replaced with the purchaser's favorite photo."

What defendant is here contending is that, although plaintiff's photograph had been inserted in the lockets on display, and although the customer, on paying the purchase price of the locket, acquired one with plaintiff's photograph in it, nevertheless defendant was not using the photograph for " advertising purposes or trade purposes " because it had been put in the lockets only " to illustrate the use " thereof, and because there was a " designation on the back of the picture   *   *   *   that it should be replaced with the purchaser's favorite photo."   This contention is without force. The photograph was obviously used to bring attention to the lockets on display to make them more attractive.   This is a use for " advertising " and for " trade " purposes.   The photograph went along with the locket, it was sold with the locket.   The gratuitous suggestion to the purchaser, on the back of the photo-graph, in effect that, if so minded, he might replace it with a photo-graph more to his liking — a suggestion which the purchaser, if he went so far as to remove the photograph from the locket and to read the printed matter on the back, did not have to adopt if he preferred plaintiff's picture to any other — in no way altered the fact that plaintiff's photograph was actually sold by defendant. The sixth paragraph states nothing that would constitute even a partial defense.   It is stricken from the answer.

The seventh paragraph of the answer reads as follows: "That the defendant, in purchasing the locket and in reselling the same in New York State, relied upon the fact that its manufacturer had in Rhode Island properly obtained the consent of the plaintiff to the reproduction of such photo and that plaintiff is estopped from claiming that she is damaged thereby and is estopped from claiming that such consent, effective where made, should have been in writing in respect of goods shipped into New York State in interstate commerce." However, section 51 of the Civil Rights Law allows "Any person whose * * * portrait or picture is used within this State for advertising purposes or for the purposes of trade without the written consent first obtained as above [Civil Rights Law, § 50] provided" to "sue and recover damages for any injuries sustained by reason of such use," the section further providing that "if the defendant shall have knowingly used such person's * * * portrait or picture in such manner * * * the jury, in its discretion, may award exemplary damages." As it is not alleged that plaintiff's written consent was obtained, the use made of her photograph within this State was in violation of the statute. There is no basis for invoking an estoppel. Section 50 makes it necessary that consent be written; no other consent is valid or binding. However, plaintiff's oral consent, or her consent, express or implied, given in some manner other than that required by section 50, may be pleaded as a partial defense in mitigation of damages. (*Hammond* v. *Crowell Publishing Co.*, 253 App. Div. 205; *Sidney* v. *Beck Shoe Corp.*, 153 Misc. 166.) Stated as a complete defense and by way of "estoppel," the seventh paragraph is stricken from the answer.

The eighth paragraph, pleaded as a partial defense and in mitigation of damages, reads as follows: "That defendant, in buying from its manufacturer in Rhode Island such lockets with the reproduction of plaintiff's photo included therein to illustrate the use thereof, was without knowledge that such photo represented the plaintiff or that the written consent of the person represented had not been obtained; that this suit was brought by plaintiff without prior demand and that the use by defendant of the photo was thereupon discontinued; that plaintiff's rights or privacy have been in no respect damaged, nor has plaintiff in any respect been injured in the premises." Apart from the conclusory allegations, which are surplusage, "that plaintiff's rights or privacy have been in no respect damaged, nor has plaintiff in any respect been injured in the premises," this paragraph states a good partial defense, in mitigation of damages, at least of the claim for exemplary damages. The allegation that the suit was brought "without prior demand and that the use by defendant of the photo was thereupon dis-

continued " may be regarded as a statement of evidentiary matter bearing upon defendant's lack of knowledge while using the photograph that it was invading plaintiff's rights and upon its lack of intent to do so. This allegation, though an evidentiary one, need not, for that reason only, be stricken out.

The motion is, therefore, granted to the extent of striking the sixth and seventh paragraphs from the answer, with leave to defendant to serve an amended answer within ten days after service upon its attorneys of a copy of the order to be entered herein upon payment within that time of ten dollars costs.

Settle order.