LARRY JANSEN et al., Plaintiffs, *v.* HILO PACKING Co., INC., et al., Defendants.

Supreme Court, Special Term, New York County, November 14, 1952.

*Leonard S. Leventhal* for Harry Horowitz and others, doing business as Model Airplane Co., defendants.

*Simon Klein* for Hit Parade, Inc., defendant.

*Jonas J. Shapiro* for plaintiffs.

GAVAGAN, J. This action was instituted pursuant to the provisions of section 51 of the Civil Rights Law. The charge is that the pictures of plaintiffs, widely known professional baseball players of sufficient skill to be members of a major league baseball team, are being used in violation of their rights of privacy for advertising and trade purposes, in contravention of said statute. A dismissal of the complaint is sought by separate motions brought on by different defendants on the grounds that the complaint is legally insufficient. The so-called amended and supplemental complaint has been considered.

Defendants' theory is that plaintiffs by their prominence in the world of sports have become public figures who have waived the right to be " let alone ". The right to be left alone can only mean plaintiff's right of privacy as contemplated by the statute.

As recently as July of this year the Court of Appeals in *Gautier* v. *Pro-Football* (304 N. Y. 354, 359) held that: '' While one who is a public figure or is presently newsworthy may be the proper subject of news or informative presentation, the privilege does not extend to commercialization of his personality through a form of treatment distinct from dissemination of news or information ''.

Further on in that opinion it was held that one who is a public personage or who participates in a public event enjoys a limited right of privacy and, in the concurring opinion, Judge DESMOND reasoned that an unauthorized telecast of an exhibition of plaintiff's trained animal show was not an invasion of the trainer's right of privacy. There, however, the telecast which was used in that Judge's opinion for trade purpose (the majority opinion held otherwise) took place in the intermission period at a professional football game. At bar, plaintiffs' pictures are inserted in containers of popcorn and chewing gum. The situation at bar seems closely akin to that in *Lane* v. *Woolworth Co.* (171 Misc. 66, affd. 256 App. Div. 1065), where photographs of an actress were used to illustrate the purpose for which lockets were sold. It is held, therefore, that the doctrine of limited privilege is confined to situations similar to that involved in the case of *Gautier* v. *Pro-Football* (*supra*) where the publication of the public personage takes place in connection with, incidental to and at the time of his professional entertainment performance.

The motions to dismiss are accordingly denied.