Aron Steuer, J.
On this motion for summary judgment several facts are in dispute. The question is whether any of these facts are so significant as to constitute an issue. Plaintiff is a young woman just short of 20 years of age. She was hired to appear in a film to be used on television and did so appear. She was paid a fee for the appearance. The nature of the film was a travelogue, one of a projected series. Prior to appearing plaintiff signed a general release after assuring her employers that she was of age. The film was never sponsored and the makers gave it to defendant, the operator of a television station, to show as defendant saw fit, no payment on either side being involved. At slack times defendant did show the film. The action is under the Civil Eights Law.
On these facts plaintiff shows no invasion of her civil rights and no breach of the statutes. Admittedly plaintiff not only consented to the use of her picture in the film but sought the employment and acted professionally in it. It may be that there are differences between the parties as to the use of the film. Plaintiff claims that the film was to be shown to potential sponsors only. If so, and she can show damage, exhibition otherwise would be a breach of contract. But having consented to the exhibition there is no invasion of privacy because not shown to the audience contracted for (Gautier v. Pro-Football, 304 N. Y. 354).
Other factors alleged in the complaint such as plaintiff’s infancy and the invalidity of the release given by her are immaterial. The point is that resort to the statute under these circumstances perverts its purpose.
Plaintiff moved for summary judgment. On such a motion the court is required to give judgment to the party entitled to it regardless of which made the motion (Rules Civ. Prac., rule 112). Here there is no cause of action against the defendant served and judgment must be for it.