Vincent A. Lupiano, J.
Defendant Urania Records, Inc. moves for dismissal of the complaint for insufficiency. Plaintiff is a renowned pianist. In a first cause of action based on sections 50 and 51 of the Civil Rights Law he alleges that defendant has made reproductions from phonograph records *1035 of plaintiff’s performances and has sold them as plaintiff’s performances, and has used plaintiff’s name in connection with such sales. Such use is unauthorized while plaintiff is under contract with a foreign corporation for the reproduction of his performances on phonograph records for compensation. However, he receives no compensation for the use of his name or from the sale of defendant’s reproductions, which, it is alleged, are inferior.
In the second cause of action based upon a claim of unfair competition, plaintiff alleges, in addition, that defendant has secured certain magnetic tapes containing reproductions of plaintiff’s performances and that such tapes were not rendered for such purpose.
As to the first cause of action, defendant contends that plaintiff is a public figure and does not desire “to be let alone consequently, his civil rights cannot be invaded. It relies on Gautier v. Pro-Football (304 N. Y. 354). That case had a limited application not pertinent here. (See Jansen v. Hilo Packing Co., 202 Misc. 900.) A performer has a property right in his performance that it shall not be used for a purpose not intended, and particularly in a manner which does not fairly represent his service. The originator or his assignee of records of performances of an artist does not, by putting such records on public sale, dedicate the right to copy or sell the record. (Capitol Records v. Mercury Records Corp., 221 F. 2d 657 [C. C. A. 2d].)
As to the second cause, it comes clearly within Metropolitan Opera Assn. v. Wagner-Nichols Recorder Corp. (199 Misc. 786, affd. 279 App. Div. 632).
The motion is denied.