Thomas A. Aurelio, J.
This is an application for a temporary injunction restraining the defendants from using photographs of the plaintiff for advertising purposes in violation of sections 50 and 51 of the Civil Rights Law; from distributing or circulating any further copies of the current edition of the Manhattan Classified Telephone Directory containing plaintiff’s photographs ; from permitting any copies of this directory to remain at public telephone booths or in the possession of subscribers to telephone service and to further prohibit the defendants from allowing perusal or examination of these directories by the public.
The defendant, Reuben H. Donnelley Corporation, solicits the advertising material to be inserted in the directory and also compiles the same. The defendant Telephone Company owns the directory and compiles, edits and publishes the same.
*297 Plaintiff claims that his photographs have been inserted as advertising at page 772 of the 1960 directory without his consent in violation of the Civil Eights Law. It appears that the defendant Telephone Company as owner and publisher of the directory had over 1,000,000 copies of the directory printed, of which approximately 900,000 have already been distributed; that distribution was completed in November, 1959 and the next scheduled edition of the directory will be distributed in November, 1960; that distribution of the directory was made primarily within the Borough of Manhattan but there was a limited distribution throughout the United States and in approximately 40 foreign nations; that the directory cost approximately $5,000,-000 to publish and contains approximately 325,000 telephone listings and advertisements; that the advertising material in the directory was contracted for by more than 70,000 businesses, mostly small, local concerns; that the telephone listings, which consist of a name, address and telephone number, are required to be provided to all subscribers to business telephone service under the provisions of the Telephone Company’s tariffs on file with the Public Service Commission of the State of New York.
Defendant Donnelley argues it would be an impossible task to recall the 1960 Manhattan Directory and delete from it the alleged portraits of plaintiff; that even if it were possible, it would necessarily result in depriving telephone subscribers of the use of this directory for a period of eight months and would have a profound effect upon the local business community; that the directory contains not only classified ads, but listings for businesses of every kind and description, and these business people, the majority of whom are operating small businesses depending upon the classified directory, as well as the general public would necessarily be greatly inconvenienced, while it would be of very little value to the plaintiff; that it would be a tremendous task and would involve great expense to endeavor to withdraw these books from circulation, to say nothing of the great inconvenience and loss of business that would result to the subscribers.
There may be a question as to whether or not plaintiff waived his right of privacy, as argued by defendants. However, assuming plaintiff’s rights under the statute were violated, it is perfectly clear there will not be a repetition thereof and that plaintiff’s photographs will not be included in the next edition of the directory which will be prepared and ready for distribution in November, 1960.
*298 By balancing the equities, the court concludes that the exercise of a sound discretion requires a denial of the injunctive relief sought. It is apparent that to grant the application, the damage to defendants would be far greater than the damage to plaintiff by denying it. Equity must guard against an inequitable result. The motion is denied.