William C. Hecht, Jr., J.
Plaintiff seeks a temporary injunction restraining defendants, Columbia Broadcasting System, Inc., and U. S. Time Corporation from broadcasting on April 21, 1961 or thereafter a television program entitled ‘ ‘ Million Dollar Incident ’ ’, so long as the same shall include the name and/or characterization of the plaintiff.
The program in question is a special program, starring Jackie Gleason. It includes a character representing plaintiff, by name, portrayed by a professional actor. It was recorded on tape more than eight months ago. It cannot be changed prior to its scheduled presentation on April 21,1961 because Gleason is in Europe.
Concededly plaintiff’s written consent, required by sections 50 and 51 of the Civil Bights Law, has never been obtained. Defendants claim that plaintiff, who had been Gleason’s manager until 1959, knew since August or September, 1960 that a character representing plaintiff and bearing plaintiff’s name, was being portrayed in the program being taped by a professional actor; that he raised no objection whatever and even tried to help Gleason procure members of the cast. Plaintiff, on the other hand, claims that his first knowledge that he was being portrayed under his name was acquired several months after the program had been taped; that he was told that it was unlikely that the program would be sold to a producer; and that it was not until the second week of March, 1961 that he learned that the program had been sold. He states that as early as April 6, 1961 he notified Columbia Broadcasting System, Inc., that he objected to the exhibition of the program with a character with his name included in the program.
Even if it be assumed that plaintiff, as maintained by defendants, had seven or eight months knowledge that a program, in which he was portrayed by name, was to be televised, he is nevertheless, entitled to injunctive relief against the exhibition of the program. The lack of written consent on his part would make the televising of the program a misdemeanor (Civil Bights Law, §50). Section 51 of that statute gives him the right to enjoin the use of his name for trade purposes without his written consent. Oral consent, or conduct which would create the inference of consent or acquiescence and spell out what would otherwise be an estoppel would be no defense to an action for damages for violation of the statute and would at most constitute a partial defense in mitigation of damages (Adrian v. Unterman, 281 App. Div. 81, 88, affd. 306 N. Y. 771; Roberts v. Conde Nast Pubs., 286 App. Div. 729).
The right to enjoin a proposed use of a person’s name for trade, without his written consent, is absolute, regardless of the *396 detriment resulting to the defendant (Garden v. Parfumerie Rigaud, 151 Misc. 692). In that case, the plaintiff had given her written consent, but she revoked it, which the court held she had the right to do, since it was a gratuitous license. Despite the fact that defendant had spent large sums in reliance on the written consent, prior to its revocation, and would suffer serious financial damage, the plaintiff was granted injunctive relief. One who chooses to portray another, by name or photograph, for trade purposes, runs the risk that the latter may sue for an injunction and/or damages. Regardless of what the equities of the situation may be and the damage to defendants from the granting of the injunction, a denial of injunctive relief for a conceded violation of the statute would emasculate the provisions for injunctive relief and cannot be justified. Plaintiff, as the statute is worded, should not be limited to an action for damages. In Almind v. Sea Beach Co. (78 Misc. 445) Mr. Justice Kapper denied a motion for injunctive relief. This decision was, however, reversed (157 App. Div. 230). In Albert v. New York Tel. Co. (28 Misc 2d 296, affd. 11 A D 2d 656), cited by defendants, the classified telephone directory had already been distributed and the publication thus made. The court’s denial of relief related only to the recall of the directories, because of the damage to business and the general public which would result in their being deprived for a long period of the ability to resort to a classified directory.
To deny the injunction sought would permit a clear violation of the Civil Rights Law and deprive plaintiff of one of the statutory remedies, thus limiting him to the less satisfactory remedy of a damage suit. Defendants knew or should have known that they were including plaintiff as a character, by name, at their own risk, since the statute required his written consent.
Although the court’s sympathies are with defendants and plaintiff’s motives are questionable, the explicit wording of the statute involved is such that the court is constrained to grant the motion.