Louis L. Friedman, J.
In an action for injunctive relief and damages for the unauthorized use of their names in violation of sections 50 and 51 of the Civil Eights Law, plaintiffs move (1) to strike the answer of the defendants; (2) for summary judgment; and (3) for the assessment of damages.
It is alleged in their complaint that there ivas published in the defendant newspaper an advertisement story mentioning plaintiffs’ names as having recently married following their prior meeting at the Berkshire Country Club (owned by the named individual defendants); that such news item was pub *698 lished at least twice and widely circulated and as an integral part of advertising matter for advertising purposes and for the purposes of benefiting their trade; that no consent or approval, written or otherwise, was given defendants to use the plaintiffs’ names in this respect; that such unlawful publication violated their civil rights and caused them to sustain the alleged damage.
The defendants, in opposition, contend that although no written authorization or consent was obtained from plaintiffs, the latter were agreeable to and acquiesced in the use of their names as guests, and that the plaintiffs ‘ ‘ have known for years of the custom and practice featuring the names of guests in such fashion ”; that plaintiffs have enjoyed and benefited from the favorable publicity and are therefore estopped from complaining. “ The statute requires that written consent first be obtained in order to justify the use of one’s name * * * for the purposes of the trade.” (Hammond v. Crowell Pub. Co., 253 App. Div. 205, 206; Civil Rights Law, §§ 50, 51.)
Although a single publication of the alleged news item possibly may take on the posture of “an incidental publishing,” its reprint, however, exemplifies an effort towards soliciting and inducing readers to patronize the named country club. ‘ ‘ It has been held that a mere incidental commercial use of a person’s name * * * is not actionable under the Civil Rights Law. (Stillman v. Paramount Pictures Corp., 5 N Y 2d 994, affg. 2 A D 2d 18, which modified, but affirmed on this point 1 Misc 2d 108.) ” (Moglen v. Varsity Pajamas, 13 A D 2d 114, 115.)
In Durgom v. Columbia Broadcasting System (29 Misc 2d 394) the court stated at page 395:
“ Oral consent, or conduct which would create the inference of consent or acquiescence and spell out what would otherwise be an estoppel would be no defense to an action for damages for violation of the statute and would at most constitute a partial defense in mitigation of damages (Adrian v. Unterman, 281 App. Div. 81, 88, affd. 306 N. Y. 668; Roberts v. Conde Nast Pubs., 286 App. Div. 729).” (Italics supplied.)
‘£ In this State, the right of privacy or the right of a person to live his life quietly and to be left alone rests solely in and is limited by statute (Roberson v. Rochester Folding Box Co., 171 N. Y. 538; Civil Rights Law, §§ 50, 51).” (Flores v. Mosler Safe Co., 7 N Y 2d 276, 280.)
Concededly, the pertinent statute has been violated. Defendants’ answer is insufficient as a matter of law and is, therefore, stricken. The motion for summary judgment is granted.