Betty F. Lomax, Also Known as Betty Frank, Respondent, *v.* New Broadcasting Co., Inc., Appellant, et al., Defendant.

First Department, April 2, 1963.

*Edward Feldman* of counsel (*Samuel Mezansky,* attorney), for appellant.

*Earle Warren Zaidins* for respondent.

McNally, J. In this action for damages under sections 50 and 51 of the Civil Rights Law, defendant-appellant appeals from the order to the extent it grants plaintiff summary judgment as to the first and second causes of action and directs an assessment.

Defendant-appellant alleges, and we assume for the purpose of the motion, the facts establishing plaintiff's consent to the use set forth in the dissenting opinion of Mr. Justice Steuer. Nevertheless, section 50 expressly provides and the authorities affirm the need for written consent for the uses therein described. (*Adrian* v. *Unterman,* 281 App. Div. 81, 88, affd. 306 N. Y. 771; *Roberts* v. *Conde Nast Pubs.,* 286 App. Div. 729; *Lane* v. *Woolworth Co.,* 171 Misc. 66, affd. 256 App. Div. 1065; *Hammond* v. *Crowell Pub. Co.,* 253 App. Div. 205; *Durgom* v. *Columbia Broadcasting System,* 29 Misc 2d 394.) Oral consent is relevant only on the quantum of the recovery and may serve to limit it to a nominal sum. (See *Harris* v. *Gossard Co.,* 194 App. Div. 688.) Neither oral consent nor estoppel is a complete defense; they are available only as partial defenses in mitigation of damages. (*Adrian* v. *Unterman, supra*; *Roberts* v. *Conde Nast Pubs., supra*; *Hammond* v. *Crowell Pub. Co., supra*; *Durgom* v. *Columbia Broadcasting System, supra.*)

Prior to March 1, 1959, the effective date of present rule 113 of the Rules of Civil Practice, it was held that issues affecting the amount of damages do not preclude summary judgment. (*General Phoenix Corp.* v. *Cabot,* 300 N. Y. 87, 95; *379 Madison Ave.* v. *Stuyvesant Co.,* 242 App. Div. 567; *International & Ind. Securities Corp.* v. *Jamaica Jewish Center,* 237 App. Div. 738.) Subdivision 3 of present rule 113 resolves any doubt as to the propriety of summary judgment when the sole issues are as to damages. It provides, in part: "The existence of a triable issue of fact as to the amount or the extent of the damages shall not bar the granting of summary judgment." The fundamental purpose of the rule is to permit summary judgment and not to deny it where the only remaining issues pertain to the amount or extent of the damages, whether the damages are nominal, compensatory or exemplary.

The order should be modified, on the law and on the facts, to the extent of permitting defendant-appellant on the assessment to prove as a partial defense and in mitigation of damages the facts alleged but improperly pleaded as a complete defense, and, as so modified, affirmed, without costs.

STEUER, J. (dissenting). Plaintiff sues for damages pursuant to sections 50 and 51 of the Civil Rights Law for the unauthorized use of her name and photograph in advertising. It appears that defendant is in the radio broadcasting business and operates a radio station. Plaintiff was employed by defendant as an announcer and interviewer. She broadcast commercial announcements for defendant's sponsors. It was in connection with the advertising of the products of these sponsors that plaintiff's name and photograph were used. It further appears that very early in the course of her employment plaintiff protested such use. She conceded that her name and photograph might rightly be used to advertise the defendant's radio station but not the products of the sponsors.* Plaintiff was immediately told that her understanding of the situation was not correct and that if she did not desire to have her name and photograph so used she should resign forthwith. She decided, according to her own affidavit, that the position had been hard enough to get and that she was not going to jeopardize her employment. She thereupon co-operated fully in the use of her name and photograph. She

---

* In making this concession, as will be seen plaintiff goes further than this court. Regardless of her understanding when she entered defendant's employ, as long as there was no writing signed by her she could sue for this use also and there could be no defense.

posed for pictures, using a photographer of her own choice, her brother, who was paid by defendant. She autographed the photographs. When the occasion required she appeared at sales promotions of sponsors' products and personally handed out these autographed photographs to prospective purchasers of the products. Lest there be any doubt, there is no claim that there was any impropriety in the nature of the photographs. All of these facts are either as asserted by her or, if by defendant, are not denied.

Section 51 of the Civil Rights Law provides that " Any person whose name, portrait or picture is used within this state for advertising purposes or for the purposes of trade without the written consent first obtained as above provided " may sue for damages. The legislative purpose behind this statute is quite clear. It is to prevent the unauthorized use of a person's name or likeness in advertising or trade. It does not forbid any such use, only a use that is not consented to. True, the statute provides that the consent must be evidenced by a writing. Here again the purpose is clear — if a question of consent is raised the issue must be resolved against the user unless he can prove it by a writing. The substantive question, however, still remains — was the use authorized. To change this question to whether there was a writing perverts the purpose of the statute, allows the written word to negate the statutory intent, and, in the classic phrase, makes a sword out of a shield. The purpose of the writing is to prevent a fraud. To stress the writing and ignore the consent is to effectuate a fraud.

Authority on the subject is not completely satisfactory. In the first place, it is well to eliminate such cases as involve photographs which would have a pejorative effect (*Metzger* v. *Dell Pub. Co.*, 207 Misc. 182; *Semler* v. *Ultem Pubs.*, 170 Misc. 551). It is completely understandable that in cases involving photographs which might reflect discredit on the person represented a strict showing of consent in accord with the literal terms of the statute should be insisted on. In other situations where a written consent has been allowed to dominate, the question was not discussed in this connection (*Lane* v. *Woolworth Co.*, 171 Misc. 66, affd. 256 App. Div. 1065). And there are instances where the action has not been allowed where the plaintiff posed for the photographs with knowledge that they were to be used in trade and no consent in writing was obtained. Particularly has this been held where, as here, the plaintiff was an employee of defendant, knowingly posed for the photographs, and only brought suit after his connection with the defendant was severed

(*Wendell* v. *Conduit Mach. Co.*, 74 Misc. 201; *Sherwood* v. *McGowan*, 3 Misc 2d 234 *).

Here, despite the fact that there is no issue as to plaintiff's actual consent, she is not only allowed to recover but is being awarded summary judgment. The Supreme Court can do many things and now included among them it can allow this young lady to eat her cake and to have it too. And this is accomplished by the easy process of skimming the words of the law without looking any deeper for its meaning. It is perfectly proper for the Legislature to set up standards of proof in any case where there is an issue but it is not proper to assume that those standards govern where there is no issue. Under this ruling one who importunes for his portrait to be used can admit this freely and then sue the user because his admitted consent was not witnessed by a writing. To hold that this species of double dealing has legislative sanction is to attribute to the Legislature, either by will or inadvertence, a design to weaken the moral fiber of the community.

The order should be reversed and summary judgment granted to defendant.

VALENTE, J. P., and STEVENS, J., concur with McNALLY, J.; STEUER, J., dissents in opinion.

Order, entered on December 13, 1962, modified, on the law and on the facts, to the extent of permitting defendant-appellant on the assessment to prove as a partial defense and in mitigation of damages the facts alleged but improperly pleaded as a complete defense, and, as so modified, affirmed, without costs.

---

* In *Sherwood* there was a written consent but it did not accord with the statute (§ 50) in that it was executed by an infant and not by the infant's guardian. Decision was based on the fact that this was not the writing required by the statute and hence no writing at all. Nevertheless, judgment was awarded to defendant.