■ GEORGE B. WRANGELL, Respondent, v. C. F. HATHAWAY COMPANY et al., Appellants.— Order, entered on January 6, 1964, denying motion made under CPLR 3211 to dismiss complaint for failure to state a cause of action, unanimously reversed, on the law, with $30 costs and disbursements to appellants, and the motion granted, with $10 costs. The complaint is founded upon section 51 of the Civil Rights Law, the plaintiff alleging that the defendant C. F. Hathaway Company violated his right to privacy by using his photograph in connection with its advertisements of certain women's blouses. The complaint and exhibits attached thereto show that for years plaintiff had been in the employ of said defendant, posing as "The Man in the Hathaway Shirt"; and the use of plaintiff's posed photograph in connection with the sale of Hathaway shirts was contemplated by the parties. In furtherance thereof plaintiff had consented to defendant filing with the United States Patent Office a trade-mark using plaintiff's photograph with a black patch over one eye. After plaintiff left defendant's employ defendant extended its use of plaintiff's photograph to advertising women's blouses; and that is what has prompted this action. Plaintiff contends that his contract with defendant did not authorize the use of his photograph with respect to the sale of women's blouses; and defendant contends that its right is not so limited. Thus, it is apparent that plaintiff's grievance is not the breach of his right to privacy, which he does not particularly seek, but the alleged unauthorized use of his photograph in a special way without extra compensation therefor. By his contract of employment and his consent to defendant's use of his photograph in its trade-mark, plaintiff relinquished his right to privacy. (See *Gautier* v. *Pro-Football*, 304 N. Y. 354.) In essence, plaintiff's action is for breach of contract, that is, the use of his photograph in excess of the right and privilege which he granted to defendant. Section 51 of the Civil Rights Law does not afford relief for mere breach of contract. "Resort to the statute under these circumstances perverts its purpose." (*Sherwood* v. *McGowan*, 3 Misc 2d 234, 235 [Steuer, J.].) We make no determination as to whether or not plaintiff has a cause of action for breach of contract or other relief. Concur — Valente, J. P., McNally, Stevens, Eager and Witmer, JJ.