■ SHARON MCADAM et al., Respondents, v RIDGE PRESS, INC., et al., Appellants.—Order of the Supreme Court, at Special Term, entered January 5, 1977, denying defendants' motion to dismiss the complaint and for summary judgment, unanimously modified, on the law, to grant motion dismissing the complaint and for summary judgment, except as to the causes of action for breach of contract based on the respective releases and otherwise affirmed, without costs and without disbursements. Plaintiffs' causes of action other than those for breach of contract are without merit. There is no properly pleaded cause of action for libel, in the absence of special damages, which are lacking here (McGraw v Watkins, 49 AD2d 958, 959). Neither can plaintiffs claim an invasion of privacy, in view of their consent whether or not such consent was limited to publication (Wrangell v Hathaway Co., 22 AD2d 649; Gautier v Pro-Football, 304 NY 354; Sherwood v McGowan, 3 Misc 2d 234, 235). Plaintiffs' claim for fraud, negligence, conversion and intentional interference with contract rights are unsubstantiated and conjectural and hence cannot withstand a motion for summary judgment. The foregoing observations make it unnecessary to allude to the possible defense of the Statute of Limitations. Insofar as the causes of action alleging breach of contract are concerned, we adopt the view expressed by the Justice at Special Term that they are sufficiently stated, predicated upon the language employed in the releases executed by plaintiffs and given to defendant Greene. The release from plaintiff McAdam limited publication of her photographs to "M. Greene's book unless further agreement" and may not have been intended to embrace the publication of her photographs in the book known as "Pin-up", authored by Ralph Stein and copyrighted, published and distributed by the other defendants. Further, the use of plaintiff McAdam's photograph on the cover of the book may fall within the proscription of the release that her photographs may not be used for "product packaging". Plaintiff Silverstone may properly contend, as the justice below noted, "that a restriction on 'publication in Playboy without

further agreement,' may have been intended to cover all Playboy publications, it being conceded that the book 'Pin-up' is a Playboy Publication and was initially distributed through the Playboy Book Club." Each of these factual questions is for the trial court to determine. Settle order on notice. Concur—Kupferman, J. P., Birns, Lane and Markewich, JJ.