■ RICHARD MILES, Respondent, v SEARS, ROEBUCK & Co., Appellant.—Order, Supreme Court, New York County, entered on October 28, 1977, *inter alia,* denying plaintiff's motion for summary judgment, unanimously modified, on the law, to the extent of granting plaintiff's motion for summary judgment and the matter remanded for assessment of damages and otherwise affirmed, with $60 costs and disbursements of this appeal to plaintiff. Plaintiff, a renowned table tennis expert and former American champion, moved for summary judgment in his action for damages for an alleged violation of sections 50 and 51 of the Civil Rights Law. In 1969, plaintiff sold to the defendant 125,000 instruction manuals at 10 cents per manual, receiving $12,500. In 1974, without any prior discussions with the plaintiff, the defendant published and distributed a promotional booklet entitled "Pool and Table Tennis Tips" parts of which were taken directly from the plaintiff's manual and which included some 25 drawings of plaintiff and two uses of his name. Plaintiff's attorney immediately notified the defendant of a claimed violation of the Civil Rights Law and the defendant ceased distributing the booklet after some 44,000 copies had already been distributed. This action for damages followed. The papers submitted on the motion for summary judgment clearly establish a violation of the Civil Rights Law (§§ 50, 51) which explicitly authorize an action for damages as well as equitable relief by "Any person whose name, portrait or picture is used within this state for advertising purposes or for the purposes of trade without * * * written consent." The court at Special Term denied summary judgment on the understanding, conceded now to be erroneous by both parties, that there was an issue of fact as to whether or not plaintiff in a 1969 written agreement incident to the delivery of the instruction manuals had consented to the later use of his photograph and name. It is clear that there had been no such consent. The authorities relied upon by defendant to avoid a liability that seems clear in light of their conceded actions and the explicit provisions of sections 50 and 51 of the Civil Rights Law are obviously distinguishable. *Wrangell v Hathaway Co.* (22 AD2d 649), involved an action in which the plaintiff had explicitly agreed to the use of his photograph by the defendant in its trade-mark and in connection with the defendant's advertisements, and the court concluded that the issue presented was one of contractual interpretation and not one of privacy. In *Gautier v Pro-Football* (304 NY 354), the plaintiff, who had performed between halves of a professional football game, sued the television sponsor of the game in connection with commercial announcements that had been

presented at normal and appropriate intervals in the course of the game. The court concluded that the plaintiff had not been "connected with the product either by visual, oral or other reference, nor was any issue of fact created by the physical juxtaposition of the single announcement prior to his performance." (See *Gautier v Pro-Football, supra,* p 359.) The other authorities cited by the defendant involve the very separate issue raised where the photograph or name of a prominent person is used, not for trade purposes, but in connection with items of news. (See, e.g., *Time v Hill,* 385 US 374.) Concur—Birns, J. P., Silverman, Evans, Fein and Sandler, JJ.