816

■ FRANK DZURENKO, Appellant, v JORDACHE, INC., et al., Respondents, et al., Defendant. — Order of the Supreme Court, New York County (Sherman, J.) entered December 1, 1980, granting defendants Jordache, Inc., Harvard, Peskin and Edrick, Inc., and Hicks & Griest, Inc., summary judgment on plaintiff's first, third and fourth causes of action affirmed, with costs. Plaintiff is a male commercial model. Jordache is a manufacturer of blue denim pants widely referred to as blue jeans. Harvard, Peskin and Edrick and Hicks & Griest are advertising representatives for Jordache. On June 6, 1979 plaintiff was retained to pose for photographs to be used to advertise Jordache jeans. On June 7, immediately following the photo session, he was asked to sign the printed form of commercial model release. After consultation with Wilhelmina Models, Inc., he signed the release, inserting the words "magazine ad use only". We are told that this consultation, and the insertion of the limitation in the release, were prompted by the fact that some of the photos were taken with a female model who wore only a pair of jeans. Subsequently, Jordache, or its advertising representatives, or both, caused the photos to be blown up into posters, which for advertising purposes, were distributed to retailers who featured Jordache jeans. This action followed. The first cause of action is against Jordache and Harvard, Peskin and Edrick and Hicks & Griest and Wilhelmina and seeks damages for invasion of plaintiff's right of privacy in violation of sections 50 and 51 of the Civil Rights Law.[*] The second cause of action is against Wilhelmina and is not here germane. The third cause of action seeks punitive damages against Jordache and Harvard, Peskin and Edrick, while the fourth cause seeks similar damages against Jordache and Hicks & Griest. The fifth cause of action seeks damages against Jordache and Harvard, Peskin and Edrick for breach of contract. As part of the relief sought plaintiff requests an injunction restraining Jordache and its agents from use of plaintiff's photographs in all Jordache advertising. Jordache moved for an order dismissing the first, third and fourth causes of action. Harvard, Peskin and Edrick sought dismissal of the first and third causes of action while Hicks & Griest sought dismissal of all causes. Special Term treated the motion as one for summary judgment and granted it as to the first, third and fourth causes of action. We agree with the result reached by Special Term. Plaintiff consented to the commercial exploitation of his photograph. He may not now be heard to complain that its use infringed his right of privacy (*McAdam v Ridge Press,* 57 AD2d 763). The use of the photograph in a form and forum other than that specified in the release may constitute a breach of the agreement among the parties. However, it does not constitute an invasion of plaintiff's right to privacy. *Welch v Mr. Christmas, Inc.* (85 AD2d 74), is not to the contrary. There, the plaintiff, who had participated in the making of a television commercial, had authorized its use for the 1973 Yuletide season with an option to renew during the following year. The commercial was used both in 1973 and 1974 in accordance with the terms of the agreement. In 1975, after the right to its use had reverted back to the plaintiff, it was used without the plaintiff's consent. We there held that the 1975 use, after plaintiff had been revested with the right to privacy, constituted an invasion of that right. The fundamental distinction between the two cases lies in the fact that, in *Welch,* the plaintiff had limited his commercial exploitation via the television commercial to a point in time. Thereafter, such exploitation was precluded unless the plaintiff consented thereto. Here, the commercial exploitation of the photograph or photographs of plaintiff was limited only in form and forum. It did not preclude commercial exploitation at any time provided that the form and forum agreed to were used. The use of the photographs in posters rather than in magazine

---

[*] By reason of an arbitration clause in the contract between plaintiff and Wilhelmina plaintiff's action against Wilhelmina has been stayed pending arbitration.

advertisements may have involved a breach of contract for which plaintiff may be entitled to damages. It did not involve an intrusion upon his privacy. Concur — Lupiano, Bloom, Fein and Milonas, JJ.

Kupferman, J. P., dissents in part in a memorandum as follows: I dissent and would reverse and reinstate the causes of action for violation of right of privacy as against the defendants-respondents Jordache, Inc. and Harvard, Peskin and Edrick, Inc. (H. P. & E.). The plaintiff is a fashion model. In 1979, through the advertising agency H. P. & E. for defendant Jordache, a company which manufactures jeans, he was asked to participate in a photo session for which he signed a release. He specifically wrote in on the consent form the words "magazine ad use only". The picture was later widely used on a poster. The photograph shows the plaintiff and a female model in what might be described as a sexually suggestive position in which both the plaintiff and the female model wear only Jordache jeans. The court at Special Term dismissed the causes of action for right of privacy, but permitted the breach of contract cause to go forward. Because of the confusion in this area, I believe the matter deserves consideration by the Court of Appeals. In the recent case of *Welch v Mr. Christmas, Inc.* (85 AD2d 74), this court permitted to stand a right of privacy claim not unlike that in the present matter. In the *Welch* case, a television commerical was made and permission was given for a limited period of time. It was found that the defendant had exceeded the time limitation. In the present case, it is not time but scope of use that has been exceeded. While it may seem strange that right of privacy should be invoked when permission has been given in writing, and therefore the determination in this case may be correct, I believe that it does conflict with the determination in the *Welch* case. There is no doubt that these two defendants "commercialized the photograph." (See *Arrington v New York Times Co.*, 55 NY2d 433, 443.) However, the legal consequences that flow from it, in view of the initial arrangement, are the issue to be determined.