■ NEVILLE F. CAESAR, on Behalf of Himself and All Other Employees of Chemical Bank Similarly Situated, Respondent, v CHEMICAL BANK, Appellant. — Order entered May 13, 1983, Supreme Court, New York County (Norman C. Ryp, J.), which, *inter alia,* certified this as a class action and granted plaintiff's motion for partial summary judgment on the first cause of action as to liability, is affirmed, with costs.

Under section 50 of the Civil Rights Law, the use of a living person's picture for advertising purposes without first obtaining that person's written consent constitutes a misdemeanor. Section 51 permits an individual to maintain an equitable action to restrain such use and allows a jury to award exemplary as well as actual damages. The statute admits of no exceptions, nor have the courts imputed any in "special" circumstances, such as within the employer-employee relationship, as here. (Cf. *Shields v Gross,* 88 AD2d 846, 851 [Carro, J., dissenting], mod 58 NY2d 338; *Lomax v New Broadcasting Co.,* 18 AD2d 229.) Although we are not completely unsympathetic to defendant's claim that plaintiff(s) participated in the photo session voluntarily and with complete understanding of the use intended for the photographs, an allegation of oral consent is not a defense to a civil rights privacy action, but merely a relevant factor as to the recovery of damages. (*Lomax v New Broadcasting Co., supra.*) In other words, while we find much sense in Justice Steuer's dissenting observation that "[t]o stress the writing and ignore the [oral] consent is to effectuate a fraud" (18 AD2d, at p 231), the solution is legislative, not judicial. Concur — Sullivan, Ross and Carro, JJ.

Kupferman, J. P., and Alexander, J., dissent in a memorandum by Kupferman, J. P., as follows: The defendant, in February, 1978, took a number of still photographs of the plaintiff and other employees of his department in the electronic customer services area of the defendant bank.

In November of the same year, motion pictures were taken by the defendant bank of the plaintiff and other members of the same group. The plaintiff brought this class action for the members of that group, numbering some 38, for violation of section 51 of the Civil Rights Law.

The photographs had been used in brochures concerning the bank and for display at a trade fair and in various other bank's branch locations.

The first cause of action is with respect to the photographs and the second cause is with respect to the motion pictures. As to the second cause, a motion was made to dismiss which was granted, because of consent in writing, and it was affirmed without opinion in this court (84 AD2d 692).

There is no doubt as to the use of the pictures and the fact that they were posed, indicating consent, and there has been no real demonstration of injury so we are left with a technical, meaningless claim bottomed only upon the provision of section 51 that there must be a writing. There is also the precedent of *Lomax v New Broadcasting Co.* (18 AD2d 229) emphasizing the need for a writing. The dissent in that case by Steuer, J. (at p 230), has the better of the argument and the majority believes that we are bound by an erroneous precedent.

The effect of the determination is to leave open the question of whether there may not be exemplary damages. (See *Welch v Mr. Christmas,* 57 NY2d 143.)

One can analyze, as has been done in many cases, the background of the provisions in the Civil Rights Law. (See, e.g., *Shields v Gross,* 58 NY2d 338; *Stephano v News Group Pub.,* 98 AD2d 287.) However, there is no need for repetition. (*Cohen v Herbal Concepts,* 63 NY2d 379.)

I believe that if we are to follow precedent, the logical one is the previous decision of this court with respect to the second cause of action. Photographs are a species of the genus motion picture. Although done at a different time, the release in writing for the latter can encompass the former. Accordingly, I dissent and would deny the plaintiff's motion for partial summary judgment on the first cause of action on the issue of liability. [118 Misc 2d 118.]