Linda **BERNELL**, Plaintiff,

v.

**BETSY & ADAM, LTD. and Blondie Nites, Ltd., Defendants.**

No. 10 Civ. 3029(JSR).

United States District Court, S.D. New York.

May 5, 2010.

Kenneth Roy Schachter, Sills Cummis & Gross, P.C., New York, NY, for Plaintiff.

## ORDER

JED S. RAKOFF, District Judge.

Plaintiff has moved by order to show cause for a preliminary injunction enjoining defendants from using plaintiff's name and for a recall of defendants' allegedly infringing garments. The parties have now, on consent, entered into a stipulated preliminary injunction, which has been docketed separately, forbidding any future use of the plaintiff's name, thus obviating the need for the Court to rule on the first request. As to the requested recall, the Court ruled at oral argument that plaintiff had not satisfied the showings required under the Lanham Act to obtain this form of relief. *See* Tr., 4/27/10; *see also, e.g., Kompan A.S. v. Park Structures, Inc.,* 890 F.Supp. 1167, 1183–84 (N.D.N.Y.1995) (recall is a "drastic remedy" that requires the court to "weigh the likely burden and expense of a recall"). While plaintiff sepa-

rately seeks a recall in connection with its claim pursuant to New York Civil Rights Law § 51, nonetheless, such relief is not automatic at the preliminary injunction stage. On the contrary, here, as in *Albert v. New York Telephone Co.*, 28 Misc.2d 296, 297–98, 204 N.Y.S.2d 36 (N.Y.Sup. 1960), "assuming plaintiff's rights under the statute were violated, it is perfectly clear there will not be a repetition thereof, . . . [and] the damage to defendants would be far greater than the damage to plaintiff by denying [the recall]." Therefore, the Court also denies plaintiff's request for a recall pursuant to section 51.

SO ORDERED.